## GEORGIANA A. MONIES vs. CITY OF LYNN.

Essex. Nov. 3, 1875. — Jan. 3, 1876. COLT & MORTON, JJ., absent.

In an action against a city to recover for injuries occasioned by a defective highway, evidence that a boy sixteen years old, who had been employed to light and extinguish the street lamps, and had received a general direction from his superior to shut off the gas at midnight, was told of the existence of the defect just before the accident, and as he was in the act of extinguishing the lights, and that, although warned, he put out the lights and neglected to barricade the spot, will not warrant the jury in finding that the city had notice of the defect.

Where, in an action against a city to recover for injuries occasioned by a defective highway, the issues are whether the defect had existed for twenty-four hours, and whether the city had notice of the defect, and the jury find specially·that the defect had existed for twenty-four hours, and return a general verdict for the plaintiff, it is within the power of the judge to set the special finding aside, and to permit the general verdict to stand.

TORT for personal injuries occasioned by an alleged defect in a highway in the defendant city.

At the trial in the Superior Court, before *Brigham*, C. J., it appeared that a sidewalk caved in in the night-time, and that about an hour and a half afterwards the plaintiff, while in the exercise of due care, fell into the hole. The plaintiff claimed to recover on the ground that the sidewalk had been undermined for twenty-four hours, and also on the ground that the city had notice of the defect. The evidence on the last point appears in the

opinion. The jury found specially that the defect had existed for twenty-four hours, and returned a verdict for the plaintiff. The judge set aside the special finding, but refused to set aside the verdict. The defendant alleged exceptions to the refusal of the judge to rule that the evidence of notice was not sufficient to entitle the plaintiff to a verdict, if the defect had not existed for twenty-four hours; and the plaintiff alleged exceptions to the order setting aside the special finding.

*E. T. Burley*, (*E. J. Sherman* with him,) for the plaintiff.

*S. B. Ives, Jr.*, for the defendant, was not called upon.

AMES, J. Upon the assumption that the presiding judge, in the exercise of his discretion, had the right, if he thought justice so required, to set aside the special finding of the jury upon the question whether the defect in the street had existed for the space of twenty-four hours at the time of the accident, the only remaining ground upon which the plaintiff's claim could be maintained would be that the defendant city had had reasonable notice of the defect. The evidence upon this point was that a boy of the age of sixteen years, who had been employed to light and extinguish the street lamps, and who had received a general direction from his superior to shut off the gas at midnight, was told of the existence of the defect just before the accident, and as he was in the act of extinguishing the lights. The plaintiff does not claim either that there was notice to any proper officer of the city whose duty it was to attend to municipal affairs, or that notice to the city can be inferred in this case from the notoriety or long continuance of the defect. It is to be remembered that the defendant was under no legal obligation to cause its streets to be lighted for the security of travellers; *Randall* v. *Eastern Railroad*, 106 Mass. 276; and there is no complaint that a general regulation for shutting off the gas at midnight was unreasonable or improper. The lamplighter was merely a laborer, employed to do a specific thing, intrusted with no discretionary power, and under no responsibility except to act in obedience to orders. The case differs from one in which workmen are employed by the city to make excavations in a street for the construction of a sewer or the laying down of water or gas pipes, or for repairs of the way. In such cases, the act of breaking up the street or way is the act of the city, and the negligence of the

workmen in placing suitable lights or barriers is the negligence of the city. There is no occasion to prove actual notice to a city or town of its own acts, or of acts which are constructively its own. *Brooks* v. *Somerville*, 106 Mass. 271.

But it is a mistake to say that the extinguishment of the light at that particular time was the act of the city, in such a sense as to carry with it the responsibility for the accident which ensued. If the city authorities were not bound to keep a light at all, they were not wrongdoers in keeping no light after midnight. If they had shut off the gas by closing a valve at some point remote from the scene of the accident, it would not be claimed that they thereby became responsible for the injury that followed. The hand of the lamplighter was merely a part of the machinery for accomplishing the same end. Nothing was left to his judgment as to the condition of the street, or the necessity of erecting barriers, or taking any other precautions for the safety of travellers. Notice to him, therefore, was merely the same in legal effect as notice to any other casual passer-by, having no responsibility or duty in the matter.

We think that it was within the power of the judge to set aside the special finding of the jury as to the length of time that the defect had lasted. He could, if he thought justice required it, have set aside the verdict entirely, and his refusal to do so was in fact a concession to the plaintiff. He thereby left to her a chance to stand upon the only ground upon which he believed the verdict could be sustained. As the whole includes all its parts, the power to set aside the entire verdict must carry with it the power to set aside any specific finding upon any separate question submitted to the jury; and there is nothing to show that it was erroneously exercised on this occasion.

*Plaintiff's exceptions overruled; defendant's exceptions sustained.*