ALBERT L. HOLMES and another

*vs.*

INHABITANTS OF PARIS.

Oxford. . Opinion January 1, 1884.

*Ways. Notice. Defect. Estoppel. Equitable construction of statutes.*

A town is not entitled to the statutory notice (of twenty-four hours) of a defective road, before liability for an injury caused by it, in a case where the encumbrance causing the defect, is created by a surveyor while acting as a servant of the town. In such case the town is estopped from claiming the statutory notice.

Statutes may sometimes be equitably construed, to such an extent, even, as to give to them an effect in direct contravention of their literal terms.

Usually a thing within the letter is not deemed to be within the statute, if contrary to the intention of the statute.

ON EXCEPTIONS.

An action to recover damages sustained June 10, 1882, by reason of a defect in the road, leading from South Paris village to Hebron in the town of Paris.

The writ was dated February 3, 1883.

The defendant demurred to the writ on the ground that it did not allege that the municipal officers, highway surveyors or road commissioners of the defendant town had twenty-four hours actual notice of the defect or want of repair ; and the exceptions were to the ruling of the court in overruling the demurrer.

Other material facts are stated in the opinion.

*James S. Wright,* for the plaintiffs, cited : *Brooks* v. *Somerville,* 106 Mass. 271 ; *Grimes* v. *Keene,* 52 N. H. 330 ; *Hubbard* v. *Concord,* 35 N. H. 52 ; 119 Mass. 273 ; *Howe* v. *Lowell,* 101 Mass. 99 ; *Hardy* v. *Keene,* 52 N. H. 370 ; 55 N. H. 132 ; *Hayden* v. *Attleborough,* 7 Gray, 338 ; 107 Mass. 232.

*H. C. Davis*, for the defendant, contended that the statute of 1877, c. 206, clearly and unequivocally provides that certain officers of the town therein mentioned shall have twenty-four hours actual notice of the existence of the defect before the town is liable under the statute for damages on account of injuries received in consequence of such defect. Not in a particular class of cases but in all cases is this notice requisite to entitle a person injured to maintain an action for damages on account of the injuries thus received.

Whether the law is reasonable or unreasonable is not a question for argument by counsel or adjudication by the court. " The duties and obligations of towns in reference to public highways are derived from statute and are restricted and limited by its express enactments." See also *Brady* v. *Lowell*, 3 Cush. 121 ; 9 Mass. 247 ; 126 Mass. 324 ; 127 Mass. 329 ; 2 N. H. 392 ; 36 N. H. 284 ; 1 Maine, 329 ; 52 Maine, 118 ; 51 Maine, 359 ; 67 Maine, 294 ; 4 Mass. 57 ; 16 Mass. 297 ; 1 Allen, 101, 172, 417 ; 10 Met. 108 ; 32 N. H. 435.

PETERS, C. J. This is an action against a town for an injury caused by an alleged defect in its highway. The declaration alleges that " heaps and piles of dirt " were deposited and left in the traveled way by the town surveyor in such condition and position as to render the way defective and unsafe. The statute requires a notice to a surveyor (or some municipal officer) for a period not less than twenty-four hours prior to an accident, to render the town liable. This accident occurred within twenty-four hours after the piles of dirt were deposited upon the way. The only question presented to us at this time, is, whether the twenty-four hours' notice is necessary, when the defect complained of is caused by the surveyor himself while acting as agent and servant of the town.

We incline to the opinion that the statute does not apply to a case such as this. In its literal terms, it does ; in its purpose and intent, it does not. This particular provision of the statute was intended for another class of cases. Its purpose is to allow a town a reasonable opportunity to remove a defect after receiv-

ing information of its existence. Notice of a fact to a person who already knows the fact, cannot be useful. There can be no good reason for a town to have information from others of its own acts. When the reason of the law ceases, the law ceases. Twenty-four hours' time, is the length of notice when the town is entitled to notice — to any notice. If the deposits complained of by the plaintiff were left by the surveyor for the purpose of repairing or reconstructing the road, they might not be an unlawful encumbrance. Necessity or accident might be an excuse for their being temporarily there. But if they constituted an unlawful encumbrance, rendering the road defective and unsafe, and there was at the time no excuse or justification for the act of the surveyor, we think the town is estopped from claiming the statutory notice.

Statutes are often in some respects literally deficient by reason of their generality. They are necessarily expressed in general terms. All cases that may arise under them cannot be anticipated. Therefore there must be some flexibility in their interpretation and application to facts. There must be some power and discretion in the courts to consider probable purposes, motives and results. Therefore it is that the common law, from its earliest time, has prescribed that statutes may be equitably interpreted. "Equity," says Lord COKE, "is a construction made by the judges, that cases out of the letter of a statute, yet being within the same mischief, or cause of the making of the same, shall be within the same remedy that the statute provideth; and the reason hereof is that the law-makers could not set down all cases in express terms." The maxim contained in this definition came from the civil into the common law.

It has been repeatedly asserted, in both ancient and modern cases, that judges may in some cases decide upon a statute even in direct contravention of its terms; that they may depart from the letter in order to reach the spirit and intent of the act. Frequently has it been judicially said, that " a thing within the intention, is as much within the statute, as if it were within the

letter, and a thing within the letter is not within the statute, if contrary to the intention of it." In Bacon's Ab. (Statute, Rules of Construction) the rule is expressed in these terms : "A statute ought sometimes to have such an equitable construction as is contrary to the letter." The illustrations there given of the rule are pertinent to the present discussion.

The general current of authority runs the same way. Sedgw. on Stat. and Const. Law, 296 ; Liber's Hermenentics (3 ed. notes by Hammond), p. 283, and cases ; *Margate Pier Co.* v. *Hannam,* 3 Barn. & Ald. *266 ; *Edwards* v. *Dick,* 4 *Idem,* *212 ; *People* v. *Utica Ins. Co.* 15 Johns. 358 ; *Jackson* v. *Collins,* 3 Cow. 89 ; *Whitney* v. *Whitney,* 14 Mass. 88, 92 ; *Brown* v. *Pendergust,* 7 Allen, 427, and cases there cited ; *Winslow* v. *Kimball,* 25 Maine, 493 ; 2 Dillon's Mun. Cor. (3 ed.) § 1027 and notes. In *Brooks* v. *Somerville,* 106 Mass. 271, which was an action for an injury caused by a defective highway, it is said, "There could be no occasion to notify the defendants of their own acts." In *Monies* v. *Lynn,* 119 Mass. 273, another highway case, it is said : " There is no occasion to prove actual notice to a city or town of its own acts, or of acts which are constructively its own."

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.