M. ABBIE BARNES *vs*. INHABITANTS OF RUMFORD.

Oxford.    Opinion March 20, 1902.

*Way. Defect. Notice. Contributory Negligence.    R. S., c. 18, § 80.*

1. A town is made chargeable by statute with the consequences of the neglect of its officers to make necessary repairs of its highways after receiving notice of the defect; and it is immaterial whether the notice is to one of the officers for the municipal year in which the accident occurred, or for some previous year, provided the defective condition of the way remained unchanged.

2. It is provided by § 80 of c. 18, R. S., that, "if the sufferer had notice of the condition of such way previous to the time of the injury, he cannot recover of a town unless he has previously notified one of the municipal officers of the defective condition of such way."

3. In an action to recover damages caused by a defect in the highway, there was evidence tending to show that the driver, who had control of the carriage in which the plaintiff was riding, prior to the accident, had not given notice of the defect to any one of the municipal officers; but there was no claim that the plaintiff who was the "sufferer" had any notice of the condition of the way prior to the accident.

4.  *Held;* that while this requirement of the statute imposes upon the traveler a distinct personal duty, as a condition precedent to his right to recover for injuries suffered on account of such defect, yet with respect to the discharge of this particular statutory obligation, it would be an unwarranted construction of the act to hold that the sufferer was chargeable with the knowledge of the driver of a public carriage in which the plaintiff was a passenger, and thus responsible for his failure to notify the municipal officers.

5.  This express statutory duty is, of course, clearly distinguishable from the obligation imposed by the doctrine of contributory negligence or concurring causes, which, under the construction placed upon the statute by our court, has uniformly been held specially applicable to this class of actions against towns for defective highways.

6.  Upon this question of contributory negligence the plaintiff was held responsible for the conduct of the driver, and in that respect she was chargeable with his knowledge of the existence of any defect at the point where the accident happened. But a breach of this distinct statutory duty of the traveler to give to the municipal officers the benefit of any knowledge he may have of the existence of the defect, is sufficient to defeat his right to recover independently of the doctrine of contributory negligence or concurring causes. In that respect the "sufferer" in this case was not chargeable with the knowledge which the driver had, but which she did not have, and was not responsible for his failure to communicate it to the municipal officers.

7.  *Held;* that while a declaration made by the driver out of court is admissible for the purpose of impeaching his credibility as a witness, it cannot be considered by the jury as evidence of the fact stated tending to show how the accident happened. Said declaration was made three or four minutes after the accident happened. The driver was not then performing any act. The occurrence had terminated. His statement was not a spontaneous exclamation accompanying an act and tending to explain or illustrate it, but a simple narration of a past event. It was not a part of the res gestae.

8.  Whether the condition of the way at the point of the accident, in this case, was reasonably safe and convenient within the meaning of the statute as construed by our court, is a question of fact not entirely free from difficulty. A jury of practical men, a majority of whom had doubtless had experience in repairing highways, evidently found the road defective for want of an appropriate railing or guard to prevent travelers from driving into the ravine in the night-time, and the court considers that their conclusion was not unmistakably wrong. The evidence appears to have satisfied the jury that the municipal officers must have observed the condition of the road at that point unless grossly inattentive to their duty, and in the absence of any positive testimony to the contrary from these officers the jury drew the inference that they had actual notice of the defective condition which caused the accident. It is the opinion of the court that this question of notice is attended with less difficulty than that respecting the

existence of a defect, and that the verdict of the jury should not be disturbed on this ground.

On motion and exceptions by defendant.    Overruled.

This was an action on the case, under § 80, chap. 18, R. S., to recover for bodily injuries claimed to have been received by the plaintiff through an alleged defect in the highway in the defendant town; the defect claimed was the want of a railing at the point where plaintiff sustained her injuries; the defendant town defended mainly on the ground that the town through its proper officers did not have the twenty-four hours actual notice of the defect required by statute.

Also that Thomas the plaintiff's driver who was carrying her for hire, and who owned and controlled the team, had actual knowledge of the condition of the way prior to the accident, and had not notified the municipal officers of the same.

That Thomas the driver was negligent in driving the horses and did not exercise proper care, that the hole or "V" shaped place into which the wheel dropped was made at the time of the injury by the slumping of the near horse and the near wheel of the carriage breaking down the turf and did not exist prior to the injury.

The presiding justice among other things, in charging the jury in regard to the several claims made both by plaintiff and defendant, charged as follows:—

First:  In regard to twenty-four hours actual notice: "The statute does not say actual knowledge in the sense that the town officers must have actually seen it."  "Or it would be competent to show that the selectmen were seen looking at it; that would be notice and knowledge both, for what a man sees he has notice of."

Second:  As to the ruling in regard to actual knowledge of Thomas the driver as to the condition of the way and not notifying the municipal officers previous to the accident, as claimed by defendant, he was obliged by law to do, the presiding justice said:  "Gentlemen, I overrule that contention of the defendant and do not sustain it.   The statute says that if the sufferer—that is the plaintiff in this case—had notice of the condition of such way previous to the time of the injury he cannot recover.   It isn't claimed that the sufferer in this

case had any knowledge of the condition, and she is not chargeable in that respect with the knowledge of her driver, so that you will have no difficulty on that proposition."

Third: As to declarations and statements of Thomas the driver made at the immediate time of the injury and early the following morning. The court said: "Mr. Thomas the driver was upon the stand as a witness, and after he became a witness, the defendant, as it had a right to do, put upon the stand several witnesses who testified to declarations made by Mr. Thomas afterwards, that is, that night and some the next morning, which it is claimed are somewhat inconsistent with the story he has told here upon the stand and weaken it or impeach it, as we say. Now so far as any declarations made by Mr. Thomas that night to Mr. Richardson or Mr. Howe or the next day to the other two parties, whose names I do not now recall, but whose depositions were read—I say so far as any declarations he made that night to these parties or to other parties the next morning are concerned, they are properly before you for one single purpose and only one purpose, and that is to attack or impeach the credibility of Mr. Thomas as a witness. Mr. Thomas is not a party to this suit, he is an outsider, a bystander so to speak, and parties in court must not have their rights jeopardized by outside talk, any outside talk they may make themselves is of course to be considered as weighing upon the principal facts at issue, but talk of other parties is simply hearsay, and if Mr. Thomas hadn't been introduced as a witness, it wouldn't have been competent for the defendant to show any of his declarations outside; but inasmuch as he was a witness, the defendant had a right to show if he could that he had made varying and different statements elsewhere, but that should be taken into account simply in judging of the weight to be given to Mr. Thomas' story. What he said outside that night or the next morning is not to be weighed, and must be carefully excluded as bearing upon what actually took place that night; it only bears upon his statements as a witness and does not prove any different state of facts."

Fourth: The plaintiff offered testimony tending to prove that one of the selectmen and the road commissioner for 1898 (year prior to

injury) were upon the way adjacent to the alleged defect and had an opportunity to notice the defect. This testimony was seasonably objected to by defendant as not being admissible, claiming notice could only be given to officers of the town for the year the injury was received, November 1899.

The presiding justice overruled this objection and admitted the testimony of the witnesses subject to the exceptions of the defendant as will appear in the case.

To all these rulings, and instructions, and refusals to instruct the defendant excepted.

The writ was dated March 28th, 1900, and was entered at the May term 1900; ad damnum, $4000. The plea was the general issue. Verdict for plaintiff for $1304.33, October 17th, 1900.

*Jas. S. Wright*, for plaintiff.

*Geo. D. Bisbee and Ralph T. Parker*, for defendant.

SITTING : WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, PEABODY, JJ.

WHITEHOUSE, J. The plaintiff recovered a verdict of $1304.33 for personal injuries alleged to have been received through a defect in one of the highways of the defendant town, and the case is before this court on exceptions and a motion for a new trial as against evidence.

On the first day of November, 1899, in the evening, the plaintiff was traveling on the highway leading from Rumford Point to Andover by way of the covered bridge near the mouth of Ellis river. She was one of four passengers in a public carriage drawn by two horses driven by A. W. Thomas. The night was very dark and rainy, and when they arrived at a point opposite the southeast corner of the dwelling-house of M. E. Barker, where the road bends around the steep bank going from Rumford Point to the bridge, the driver suddenly discovered that his near horse was traveling on the grass-ground, and the next instant the horse slumped, the forward wheel dropped into a " V " shaped hole about twenty-one inches deep and eighteen or twenty inches outside of the wheel-tracks of the usually

traveled road, and thereby the plaintiff was thrown out and injured.

It was not in controversy that there was an embankment on the side of the road where the accident happened, with a precipitous descent into a ravine the end of which, next to the traveled way, had assumed the shape of the letter V near the crown of the curve in the road. A culvert had also been built across the road at this point, extending into the embankment about three feet beyond the wrought part of the road. The condition may be approximately shown by the following lines :

The plaintiff claims that the road was defective at that point, for want of a sufficient railing or guard of any kind, to prevent those traveling in the night-time from driving out over the bank into the ravine.

I. The exceptions. There was evidence tending to show that the driver, who had control of the carriage in which the plaintiff was riding, had actual notice of the condition of the road at that point, prior to the accident, and had not given notice of the defect to any one of the municipal officers. It was therefore contended in behalf of the defense that the plaintiff was barred of her right to recover by one of the provisions of § 80 of c. 18 of the revised statutes. But the presiding justice overruled the plaintiff's contention on this point and instructed the jury that under that statute the plaintiff was not chargeable in that respect with the knowledge of the driver.

This ruling was undoubtedly correct. The statute in question says, "if the sufferer had notice of the condition of such way previous to

the time of the injury, he cannot recover of a town unless he has previously notified one of the municipal officers of the defective condition of such way." There was no claim that the plaintiff, who was the "sufferer" in this case, had any notice of the condition of the way prior to the accident. This requirement of the statute imposes upon the traveler a distinct personal duty as a condition precedent to his right to recover for injuries suffered on account of such a defect. But with respect to the discharge of this particular statutory obligation, it would be an unwarranted construction of the act to hold that the sufferer was chargeable with the knowledge of the driver of a public carriage in which the plaintiff was a passenger, and thus responsible for his failure to notify the municipal officers.

This express statutory duty is of course clearly distinguishable from the obligation imposed by the doctrine of contributory negligence or concurring causes, which, under the construction placed upon the statute by our court has uniformly been held specially applicable to this class of actions against towns for defective highways. In ordinary actions at common law, if an injury appears to be the result of two concurring causes, the party responsible for one of these causes is not exempt from liability because the person who is responsible for the other cause may be equally culpable. *Lake* v. *Milliken*, 62 Maine, 240, 16 Am. Rep. 456. But in this state it is familiar law, settled by a long line of decisions, that in order to render a town liable under our statute for an injury sustained by reason of a defect in the highway, it must appear that the accident happened "through the defect" alone. If the negligence of the plaintiff, or any other efficient independent cause for which neither the plaintiff nor the town is responsible, contributes to produce the injury, the plaintiff cannot recover. It must appear that the defect in the way was the sole cause of the injury. *Moore* v. *Abbot*, 32 Maine, 46 ; *Moulton* v. *Sanford*, 51 Maine, 127 ; *Aldrich* v. *Gorham*, 77 Maine, 287.

So in *State* v. *Boston & Maine R. R.* 80 Maine, 431, 445, our court held, that in ordinary actions at common law, the negligence of a driver is not to be imputed to a passenger who exercises no control over the team, but distinguished these actions against towns as

follows : "A class of cases against towns for injuries caused by defective highways, being statutory actions, stand upon a ground of their own, unaffected by the rule under consideration."

In accordance with this view, the presiding justice in the case at bar properly gave the defendant the full benefit of this distinction by instructing the jury that it was not only incumbent upon the plaintiff to prove that she herself was in the exercise of ordinary care, but that she must go further and show that the driver of the team was also in the exercise of due care. "Although," it was said in the charge, "she may be entirely faultless herself and the town have been at fault with regard to the condition of the way, the law is that if the driver was at fault, negligent or careless, and his carelessness, or his want of ordinary care—for that is the standard always—contributed to the injury, she cannot recover. Now you will take into consideration just how it happened. They were driving along there in the road on a very dark and stormy night. Was the driver familiar with the road? Did he know where he was, or in the exercise of ordinary care ought he to have known where he was?"

Thus it will be seen, that upon this question of contributory negligence the plaintiff was held responsible for the conduct of the driver, and in that respect she was chargeable with his knowledge of the existence of any defect at the point where the accident happened. But a breach of this distinct statutory duty of the traveler to give to the municipal officers the benefit of any knowledge he may have of the existence of the defect, is sufficient to defeat his right to recover independently of the doctrine of contributory negligence or concurring causes. In that respect the "sufferer" in this case was not chargeable with the knowledge which the driver had, but which she did not have, and was not responsible for his failure to communicate it to the municipal officers.

There was also evidence that A. W. Thomas, the driver of the team, stated to a witness, after the accident, and before they had left the scene of it, that "the first he knew of the accident his near horse slumped and made a spring and another foot went down and he made another spring and then the wheel dropped." As this was a materially different version of the occurrence from that given by him as a

witness on the stand, the presiding justice instructed the jury that this declaration made by the driver out of court was admissible for the purpose of impeaching his credibility as a witness, but that it could not be considered by the jury as evidence of the fact stated tending to show how the accident happened. The defendants to ok exceptions to this instruction, claiming that the declaration made by Thomas so soon after the accident should be deemed a part of the res gestae.

It is the opinion of the court that the instruction to the jury was correct. As stated in *Vicksburg M. R. R. Co.* v. *O'Brien*, 119 U. S. 99, a declaration "is not to be deemed part of the res gestae simply because of the brief period intervening between the accident, and the making of the declaration. The fact remains that the occurrence had ended when the declaration in question was made." See also *State* v. *Maddox*, 92 Maine, 348. The true principle upon which such evidence is admissible seems to be that the statement testified to is a verbal act, illustrating, explaining or interpreting other parts of the transaction; that the declaration is contemporaneous with the principal fact, and so far explains or characterizes it as to be in a just sense a part of it and essential to a complete understanding of it. It appears from the testimony in this case that the declaration in question must have been made three or four minutes after the accident happened. The driver was not then performing any act. The occurrence had terminated. His statement was not a spontaneous exclamation accompanying an act and tending to explain or illustrate it, but a simple narration of a past event. It was not a part of the res gestae, and was only admissible for the purpose of impeaching the testimony of the driver given upon the stand. It was not original evidence of the fact to which it related.

Finally, there was evidence tending to show that the road commissioner and one of the selectmen for the year 1898, the year preceding that of the injury, had actual notice of the defect which caused the injury, and the presiding justice ruled that if the condition of the way had remained unchanged, so that these officers had notice the year before of the identical defect which caused the injury, it would fulfil the statutory requirement of twenty-four hours' actual notice

of the defect. The defendants took exception to this instruction, contending that there must be twenty-four hours' actual notice to one of the municipal officers, or a road commissioner, in power at the time of the accident. But this position of the defendants is clearly untenable. The object of this particular requirement of the statute was "to allow a town a reasonable opportunity to remove a defect after receiving information of its existence." *Holmes* v. *Paris*, 75 Maine, 559. The town is made chargeable with the consequences of the neglect of its officers to make the necessary repairs after receiving such notice of the defect, and it is immaterial whether the notice is to one of the officers for the municipal year in which the accident occurred, or for some previous year, provided the defective condition of the way remained unchanged. In a great majority of instances it would doubtless be very improbable that a defective condition of a way would remain precisely the same for many years, and the lapse of time would become chiefly important in determining that question. Under the construction of the statute contended for by the defendants, several contingencies might arise in which the fulfilment of this requirement would become impossible and the sufferer's remedy would be entirely destroyed. If an accident should happen on the first day of a municipal year after the election of a new board of officers, it would be impossible to prove twenty-four hours' actual notice to the officers in authority at the time of the accident. So also, if a change of officers should occur at a later period in the year by reason of death or resignation, and an accident should afterwards happen through a defect of which only the deceased or retired officers had notice, the remedy prescribed by the statute would be lost. The culpability of the town is precisely the same whether the failure to repair occurs under one administration or another, provided there is notice of the identical defect which caused the injury. The language of the statute neither requires nor justifies the construction claimed by the defendants.

The other exception is waived by the counsel for the defendants.

II. The motion. Whether the condition of the way at the point of the accident was reasonably safe and convenient within the mean-

ing of the statute as construed by our court, was a question of fact not entirely free from difficulty. At the point in question the traveled part of the road was at least eighteen feet in width, level and smooth, and undoubtedly safe and convenient for travel in the daytime, and it is contended by the defendants that a railing on the embankment opposite the ravine would not only fail to improve the condition of the road, but would itself be an obstruction, and a source of danger instead of a measure of safety, to public travel. But highways are established and maintained for the accommodation of those who are under the necessity of traveling in the darkness of the night, as well as those who travel in the light of the day. A jury of practical men, a majority of whom had doubtless had experience in repairing highways, evidently found the road defective for want of an appropriate railing or guard to prevent travelers from driving into the ravine in the night-time, and we are unable to say that their conclusion was unmistakably wrong.

But the defendants further insist that there was no evidence to warrant the jury in finding that either the municipal officers or the road commissioner had twenty-four hours' actual notice of the defect which caused the injury. This statutory notice is a conclusion of fact capable of being established by circumstantial as well as by direct evidence. There was uncontroverted evidence in this case that the condition of the road in question had remained the same for several years; that in the fall of 1898 the street commissioner repaired the traveled part of it directly in front of the ravine, running the road machine three times within eighteen inches of the place where the wheel went down over the bank at the time of the accident, and he was not called as a witness. It also appeared that one of the selectmen in 1899 was accustomed to pass this place frequently during the summer and fall of that year, a portion of the time as often as twice a day, and that one of the selectmen in 1898 also passed it repeatedly during that year, driving out of another road directly in front of the ravine. This evidence appears to have satisfied the jury that these officers must have observed the condition of the road at that point unless grossly inattentive to their duty, and in the absence of any positive testimony to the contrary from these officers, the jury drew

the inference that they had actual notice of the defective condition which caused the accident. It is the opinion of the court that this question of notice is attended with less difficulty than that respecting the existence of a defect, and that the verdict of the jury should not be disturbed on this ground.

> *Exceptions and motion overruled.    Judgment on the verdict.*