## SUSAN R. WHITMAN vs. CITY OF LEWISTON.

Androscoggin.  Opinion May 18, 1903.

97  519
p98  576

*Way.  Defect.  Want of Due Care.  Contributory Negligence.*

A statutory action to recover damages caused by a defective highway cannot be maintained if the negligence of the plaintiff, or any other efficient cause for which neither the plaintiff nor the municipality is responsible, contributes to produce the injury.

While the plaintiff was being driven by her husband in an open wagon drawn by one horse along one of the public streets of Lewiston, the wheels upon one side of the carriage struck an obstruction in the traveled way, so that the carriage was overturned, the plaintiff as well as her husband thrown out, and she sustained some bodily injury.

The accident occurred at about nine o'clock in the evening.  At the time, the moon, nearly full, was shining very brightly, and there was not a cloud in the sky, so that objects in the street could be seen for a considerable distance.  The horse that the plaintiff's husband was driving was wholly blind and had to be entirely guided by the driver.

The court is satisfied from the situation and the undisputed facts, that if the plaintiff's husband had been exercising, just prior to the accident, such a degree of care as was made necessary by the fact that his horse was totally blind, he could not have failed to see and could have easily avoided the obstruction in the street.

*Held;* that the alleged defective condition of the street was not the sole cause of the accident and the plaintiff was not entitled to a verdict in her favor.

Motion by defendant.  Sustained.

Action on the case, under R. S., chap. 18, § 80, to recover for bodily injuries sustained by plaintiff by reason of the overturning of the one-horse open wagon in which plaintiff was traveling with her husband, who was driving.  The wheels next to the northerly sidewalk curbing struck a pile of dirt extending into the traveled portion of Main Street in Lewiston.  Both occupants of the wagon were thrown out.  The accident occurred on a clear moonlight night, four days before the full of the moon, about ten minutes before nine o'clock. The horse was totally blind.

*Tascus Atwood,* for plaintiff.

The jury evidently recognized that it is one thing to see in the moonlight an object you are looking for and know to be in a certain location,. and quite another thing having no knowledge of the existence of the object and have it attract your attention.

Thomas F. O'Connor the man who excavated the dirt at the scene of the accident was careful, as he admits, to light this dirt pile the two nights immediately preceding the accident, and was also so impressed that there was a responsibility incident to that dirt pile that he was careful to notify Mr. Fisher when he secured his connection with the work. The two nights when he lighted it were moonlight nights and .this fact doubtless also helped the jury to decide a light was necessary to make the way safe or rather to warn travellers there was an unsafe place in the way. There is no claim it was lighted the night in question.

Counsel cited: *Glidden* v. *Reading,* 38 Vt. 52, 88 Am. Dec. 639; *Brackenridge* v. *Fitchburg,* 145 Mass. 160; *Smith* v. *Wildes,* 143 Mass. 556; *Daniels* v. *Lebanon,* 58 N. H. 284; *Monroe* v. *Hampden,* 95 Maine, 111; *Park* v. *Libby,* 92 Maine, 137; *Cayford* v. *Wilbur,* 86 Maine, 414; *Weeks* v. *Parsonsfield,* 65 Maine, 285.

*A. T. L'Heureux,* City Solicitor; *Ralph W. Crockett,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

WISWELL, C. J., While the plaintiff was being driven by her husband in an open wagon drawn by one horse along one of the public streets of Lewiston, the wheels upon one side of the carriage came in contact with, and went onto, an obstruction in the street, so that the carriage was overturned, the plaintiff, as well as her husband, thrown out and she sustained some bodily injury. In the trial of the action to recover damages for the injuries sustained by reason of the alleged defective condition of the street, the plaintiff recovered a verdict. The case comes here upon the defendant's motion for a new trial.

Assuming, without deciding, that the jury may have been authorized in its finding that the condition of the highway was defective in the respect complained of, we come to the equally important question as to whether or not the jury was also authorized in its finding, necessarily involved in the verdict, that the defective condition of the highway was the sole cause of the accident; because it is well settled in this State, that in this statutory action, if the negligence of the plaintiff, or even if any other efficient cause, for which neither the plaintiff nor the municipality is responsible, contributes to produce the injury, the action cannot be maintained.

The defective condition complained of was a quantity of earth taken from an excavation made for the purpose of obtaining connection with the public sewer, and left upon the side of the street. The pile of earth was estimated to be about four feet in height at the highest place and extended for several feet from the curbing into the street. It was to some extent guarded by at least one barrel and perhaps by some boards or planks, but upon the evening of the accident there was no lantern placed at the obstruction.

The accident occurred at about nine o'clock in the evening of the twenty-fourth of September; at the time, the moon, nearly full, was shining very brightly, there was no cloud in the sky to obstruct the moonlight, so that objects in the street could be seen for a considerable distance. All the witnesses upon both sides agree that it was an especially clear and bright night. The street at this point was about fifty-four feet wide with a street car track nearly in the center. The horse that the plaintiff's husband was driving was wholly blind, so that it had to be entirely guided by the driver.

Under these circumstances, we think that it necessarily follows that the negligence of the driver contributed in some degree to the accident. In driving a blind horse, which has to be entirely guided by the driver, a great degree of care is required. In this case, the plaintiff's husband could not have failed to see the pile of earth, with the barrel or barrels about it, if he had exercised such a degree of care as the occasion demanded. The fact that he did not see the obstruction, upon his side of the street, in the very bright moonlight, is almost conclusive evidence that he was not looking, although it was especi-

ally necessary for him to look. In fact the husband testified, when asked if he saw the pile of earth before he struck it: "No sir. I was looking for nothing but teams ahead." This is not reasonable care for the driver of a blind horse; he should also have been on the look out, especially when no reliance in this respect could be placed upon the horse, for such temporary obstructions as are liable to exist at any time through the necessity of making repairs upon the streets and of making excavations for various purposes. If he had exercised the care that was necessary because of the situation, he would certainly have seen, and could have easily avoided, the obstruction. Although this question of negligence is primarily for the jury, we are satisfied that in this case the jury erred in its finding that no cause, other than the alleged defect, contributed to the injury.

*Motion granted. Verdict set aside.*