LOREN MORNEAULT

*vs.*

THE INHABITANTS OF THE TOWN OF HAMPDEN

Penobscot.   Opinion, June 17, 1950.

*Eaton & Peabody,*
*Arnold L. Veague,* for plaintiff.

*Randolph A. Weatherbee,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.   On motion for a new trial, the defendant town has the burden of establishing that the jury was plainly wrong in finding first, that the motor vehicle accident with resulting damage was caused by a defect in the highway, or second, that the plaintiff was free from contributory negligence.   The ground in the motion that the damages were excessive was not argued by the defendant and is, therefore, considered to have been abandoned.

The testimony taken in the light most favorable to the plaintiff discloses the following facts.

About midnight on May 26, 1949 the plaintiff, a young man twenty years of age and a licensed driver, alone in his automobile which was registered in his name, was proceeding northerly on Route 1 in the defendant town at the rate of 35 miles per hour. From a distance of two-tenths of a mile he first observed two lighted flares apparently placed one on each side of the traveled way. The flares were of the type commonly used to warn of danger and were visible to him the entire distance to the scene of the accident. Without slackening his speed and without observation of the dangerous condition existing, he continued between the flares and collided with a pile of dirt. The plaintiff concisely described the cause of the accident in these words, "I see two lights, never saw the pile. I went between them. That is all I recall." Further, a state police officer testified that shortly after the accident the plaintiff told him, "he had been out for the evening and was coming back from Hampden and said he didn't see the pile of dirt at all. Remembered seeing the lights and he thought he should go between the lights which he did."

Route 1 is a main highway with a traveled surface twenty feet in width of concrete covered with tar. Traveling conditions were bad. To use the words of the plaintiff, "It was raining, a little foggy-like. Hard to see. Pretty dark." In answer to a question by the court, the plaintiff said, "I could see where my headlights showed."

On the day of the accident the town had deposited dirt from an excavation of a sewer trench on the easterly side of the way in a pile higher at its peak than an automobile and covering the easterly and substantially all of the westerly half of the twenty-foot pavement. Traffic passed the obstruction by turning through the entrance yard of a roadside diner located a few feet westerly of the highway.

Three flares, lighted at the time of the accident, were placed by the town to warn of the excavation and the pile

of dirt; one near the excavation, and one on the easterly side and one on the westerly side of the pile of dirt.

A barricade guarded the open trench. Neither the exact nature of the barricade nor how far it extended into the highway along the southerly edge of the pile of dirt nor what protection, if any, it gave to the approaching traveler is clear.

In addition to the three flares, a street lamp located a few feet southerly of the pile of dirt was lighted. There were lights in the diner as well but again it is not clear to what extent, if at all, the light therefrom affected conditions on the highway.

Three miles southerly of the scene, a construction project in no way connected with the excavation of the sewer trench was marked by flares, one on each side of the highway. The plaintiff properly proceeded between the flares at that point.

In passing upon the case, we are governed by the familiar rule that the evidence with all proper inferences drawn therefrom is to be taken in the light most favorable to the jury's findings. Only if the jury verdict was manifestly wrong, is the verdict to be set aside. *Tibbetts* v. *Central Maine Power Company,* 142 Me. 190, 49 A. (2nd) 65 (1946) ; *Spang* v. *Cote et al.,* 144 Me. 338, 68 A. (2nd) 823 (1949)

Liability of a town in an action of this nature arises solely by virtue of the statute. Whether a town has failed to maintain a way in a manner reasonably safe and convenient for travelers by night as well as by day within the meaning of the statute is a question of fact. *R. S., Chap. 84, Sec. 62 (as amended by Laws of 1949, Chap. 349, Sec. 117) and Sec. 88 (1944).* *Barnes* v. *Rumford,* 96 Me. 315 at 325, 52 A. 844 at 848 (1902). The jury here found that the condition of the way constituted a defect and was not reasonably safe and convenient.

The statute in Section 88 provides as a requirement of liability that certain town officers had 24 hours actual notice of the defect and further that, if the sufferer had notice previous to the time of the injury, he cannot recover unless he has previously given notice of the defective condition. It was not necessary here that a twenty-four hour notice be had inasmuch as the town itself, by its town agent who acts as the road commissioner, caused the creation of the defect of which the plaintiff complains. *Holmes* v. *Paris,* 75 Me. 559 (1884). Nor did the plaintiff have notice of the defective condition prior to his injuries. It was stipulated at the trial that the plaintiff gave the proper notice of his claim within fourteen days after the accident.

The requirements of the statute were properly met by the plaintiff and he was entitled to have the jury determine whether or not a defect existed in fact. We cannot say that the jury manifestly erred in its finding on this issue.

The remaining and decisive issue involves contributory negligence of the plaintiff. The rule has been stated in *Barnes* v. *Rumford, supra,* at page 321 as follows:

> "If the negligence of the plaintiff, or any other efficient independent cause for which neither the plaintiff nor the town is responsible, contributes to produce the injury, the plaintiff cannot recover. It must appear that the defect in the way was the sole cause of the injury."

See also *Whitman* v. *Lewiston,* 97 Me. 519, 55 A. 414 (1903).

We are faced with the familiar problem of determining whether as a matter of law the jury manifestly erred in finding that the plaintiff in his conduct was the reasonably prudent man under the circumstances.

A lighted flare spells danger. The traveler is so warned that he may be on guard against whatever lies ahead.

Our reasonably prudent man with whom we measure the plaintiff does not assume that lighted flares on opposite

sides of the highway mark a danger outside of and not within the way. The place of danger is somewhere in the near vicinity. The flares do not necessarily tell more.

Such a man does not enter the zone of danger in the darkness and fog and rain without slackening speed and without observing what must have been seen had he been attentive and in blind reliance that the path of safety lies between the flares. He does not assume from the fact that travel passed between flares three miles southerly that such will be the case when warning of new danger is given. The facts do not here disclose a stretch of highway under construction with the traveler guided at the outset between flares and then directed to a place of danger.

It is unnecessary to restate the rule of law here applicable. The principles are set forth in *Spang* v. *Cote, supra,* and in cases there cited.

The jury manifestly erred in finding the plaintiff was free from contributory negligence. The verdict must be set aside.

The entry will be

*Motion sustained*

*New trial granted.*