Pasquale DiCaprio *vs.* Campanella & Cardi
Construction Company.

August 6, 1952.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Capotosto, J. This action of trespass on the case for negligence was brought to recover damages resulting from an accident on December 4, 1950 allegedly caused by an

obstruction on Reservoir avenue, a main public highway in the city of Cranston. A jury in the superior court returned a verdict for the plaintiff in the sum of $6,336.60. The defendant's motion for a new trial was granted. The case is before us on bills of exceptions by the respective parties, plaintiff claiming that it was error to grant a new trial, while defendant urges that the trial justice erred in denying its motion for a directed verdict.

The evidence is practically undisputed as defendant offered no testimony in its behalf. To avoid prejudice to either party a bare outline of the basic facts is sufficient for our purposes. Generally speaking, West Warwick, where plaintiff resided, is to the south and Providence is to the north of the place of the accident. Before reaching that point Reservoir avenue, a four-lane concrete highway with a well-defined line between each lane, runs approximately north and south in a straight and level course for some distance. At the place in question defendant, a road construction company, had done some excavating on the side of the road in the vicinity of the first lane for northbound traffic. The dirt from such excavation was piled in a sloping mass, varying from four to ten feet in height, across the two northbound lanes. There was a flare, commonly known as a bomb, at each extremity of the pile, but no such warning signal was placed in between those two bombs on either of the lanes for northbound traffic.

The accident happened about 8:15 o'clock on the evening of December 4, 1950 during a rainstorm of intermittent violence. The plaintiff, who was alone in an automobile with its headlights on high beam and the windshield wiper properly operating, started from his home in West Warwick to keep an important appointment in Providence. He testified that he observed the flares, which were then lighted, when he was a considerable distance from them; that seeing no such flare on his part of the highway, he assumed that the traveled part thereof in front of him was open to traffic; that thereafter he continued to drive at twenty

miles an hour in the first lane, with the left wheels of the automobile onto the second lane, attentively watching the division line between those two lanes in order to keep his course, as visibility was greatly impaired by the heavy rain; that the road ahead of him was "all even black"; that the dirt pile suddenly loomed in front of him when he was four or five feet therefrom; and that, although he attempted to avoid an accident by turning further onto the second lane, the front of his automobile ran into the pile and he was injured.

The plaintiff's sole contention under his bill of exceptions is that the trial justice erred in granting defendant's motion for a new trial in that he overlooked or misconceived material evidence in reaching that conclusion. In view of such contention we have carefully examined the transcript in connection with the statement in the rescript of the trial justice with reference to the circumstances relating to the accident. Our conclusion is that there was no error of the kind urged by plaintiff. The rescript plainly shows that on his independent review of the testimony, as is required by our well-settled rule governing a motion for a new trial, the trial justice was convinced that the preponderance of the evidence was undoubtedly in defendant's favor. Since we cannot say that in the circumstances of record his decision was clearly wrong, plaintiff's exception to the granting of a new trial is overruled.

The only exception urged by defendant under its bill of exceptions is to the denial of its motion for a directed verdict. In support of that contention it argues first, that plaintiff was guilty of contributory negligence as a matter of law; and secondly, that defendant's negligence, if any, was not the proximate cause of the accident. Practically and in substance both of those grounds rest on the *same* factual basis.

Whether a person was in the exercise of due care, that is, whether his conduct at the time of the accident in any given case was consistent with that of an ordinary prudent

person in the same or similar circumstances, is usually a question of fact for the jury. *Clarke* v. *Rhode Island Electric Lighting Co.,* 16 R. I. 463, 465. It has been firmly established by numerous decisions of this court that a verdict should not be directed unless the only reasonable conclusion that can be drawn from such a view of the evidence is that plaintiff is not entitled to recover; and further, that in passing on defendant's motion for a directed verdict the evidence and the reasonable inferences therefrom must be viewed most favorably to the plaintiff. *Allen* v. *Pepin,* 74 R. I. 144; *Silvia* v. *Caizzi,* 63 R. I. 172.

The question raised by defendant is not without difficulty, but after due consideration we cannot say that in the peculiar circumstances in evidence plaintiff was guilty of contributory negligence as a matter of law. Whether he was acting with ordinary prudence in driving his automobile at the speed and in the manner disclosed by the evidence, under the prevailing weather conditions, towards an obstruction which was protected by lighted flares at its extremities but had no such warning on the lanes of the highway for northbound traffic was, in our judgment, a question of fact for the jury in the first instance on the issues of plaintiff's contributory negligence and of the proximate cause.

The defendant brings to our attention and strongly relies on the case of *Morneault* v. *Inhabitants of Town of Hampden,* 145 Me. 212, 74 A.2d 455. It is true that, speaking generally, many facts in that case are similar to those in the instant case. But there the excavation was protected by three lighted flares the placement of which, in connection with other lights in the area, was held to be sufficient in law reasonably to warn against the use of the particular traffic lane. In any event the disposition of the lighted flares in the circumstances of the instant case, in our judgment, raised a material issue of fact for the jury's determination. The trial justice committed no error in deny-

ing defendant's motion for a directed verdict. The exception under consideration is therefore overruled.

The defendant's exception to the denial of its motion for a directed verdict is overruled. The plaintiff's exception to the granting of defendant's motion for a new trial is also overruled, and the case is remitted to the superior court for a new trial on all issues.

*Robert R. Afflick, Francis I. McCanna,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Thomas J. Hogan,* for defendant.