### GOODRICH COATES *v.* TOWN OF CANAAN.

*Injury on Highway.    Contributory Negligence.    Evidence.*

In case for injury on a public highway, it appeared that the injury was received on a winter road between fifteen and thirty rods in length that ran along by the regular highway and connected with it at each end, and had been generally travelled during part of each winter for thirty or forty years when the regular highway was impassable from drifts, and had been broken out by the highway surveyor at different times for thirteen years next before the injury complained of, and had been repaired by him within a week of that time. There was no evidence that it was ever opened by the selectmen or by their direction, or in any way, except as above. *Held,* that it was inferable that the road was so broken out, used, and repaired by authority of the selectmen, and that the plaintiff might recover as for an injury received on a public highway on a declaration alleging the injury to have been so received.

The injury was claimed to have been caused by a cradle-hole and a snow-drift extending diagonally across the travelled track of the road. Plaintiff testified that he had known of the condition of the road and the existence of the cradle-hole for three weeks, and knew that the place in question was a dangerous place. *Held,* that

plaintiff was not necessarily guilty of negligence in driving into the cradle-hole, and that in driving into and through it he was bound to the exercise of ordinary care only—such care as a man of ordinary prudence would exercise under like circumstances.

Plaintiff was allowed to read in evidence a deposition to which defendant objected for that it appeared therefrom that at the taking thereof defendant's counsel objected to questions put by plaintiff's counsel as leading, and requested the magistrate to write the questions and the objections thereto, and the magistrate refused. *Held*, that as the court might have admitted the deposition in its discretion, even if the questions had been leading, there was no apparent error.

Plaintiff was also permitted to show the condition of the road five days before the day the injury was received, and defects other than the one alleged to have occasioned the accident, such as new drifts, &c., and to show the condition of the main or summer road at a point five or six rods beyond its intersection with the winter road, and different from the place where the injury was received. *Held*, inadmissible, and that as it was prejudicial to defendant, the excepting party, its admission was a revisable error.

CASE for injury on a highway. Plea, general issue, and trial by jury, September Term, 1875, Essex County, BARRETT, J., presiding.

It appeared that the injury was received on Saturday, March 29, 1873, on a winter road in defendant town, and there was evidence tending to show that it was occasioned by a drift and a cradle-hole extending diagonally across the travelled track, so that as the plaintiff drove over them he was thrown in front of his sled and injured. The plaintiff introduced evidence tending to show, and the court understood it to be agreed, that the road in question extended along by the regular highway a distance of from fifteen to thirty rods, the distance varying in different winters, and had been generally travelled during part of each winter, when the regular highway was rendered impassable by drifts, for thirty or forty years, and that it had been broken out by the highway surveyor at different times for thirteen years last before the infliction of the injury complained of, and had been repaired by him within a week of that time. But there was no evidence tending to show that it was ever opened by the selectmen or by their direction, or in any way other than as above stated.

The defendant introduced evidence tending to show that the regular highway was never laid out by the town, but it appeared that it had been used and treated by the public and by the town as a public highway from time immemorial.

The defendant objected to a recovery by the plaintiff for that the accident did not occur within the limits of a public highway, and that it having occurred without the limits of such highway, the declaration alleged that it occurred on such highway. But the court overruled the objection, and held that the defendant was responsible for the condition of the road where and when the injury was received, and that the declaration· was sufficient.

The plaintiff testified that he had known of the condition of the road and the existence of the cradle-hole for three weeks, and knew that the place in question was a dangerous place. The defendant requested the court to charge on that point, (1) that if the plaintiff knew of the defect in the road, and knew that the place in question was dangerous, he was negligent in driving into it, and could not recover ; (2) that if he knew of the defect and knew that the place was dangerous, the failure to avoid it was such imprudence and want of care as to preclude recovery ; (3) that if there was a defect in the road at the place where the injury was received and the plaintiff knew it, he could not recover unless he used more than ordinary care and prudence in passing over it. The court charged that it must appear that the plaintiff did not help to produce the injury by any lack of proper care, or the plaintiff could not recover ; that if he saw a bad place in the road he was bound to conform to the badness of the place and get along as well as he could in the exercise of reasonable care ; that the place might be so bad that he would not be warranted in endeavoring to go through ; that a person must conform with reasonable care to the exigency that was upon him, and that if he failed to do so, and the want of the exercise of that reasonable care and ordinary prudence (which meant such prudence as prudent men ordinarily exercised under such circumstances) contributed to the injury, he could not recover. The substance of that part of the charge was repeated and variously illustrated. The request was not otherwise complied with. Exception by the defendant.

The plaintiff was permitted to read in evidence a deposition to which the defendant objected for that it appeared therefrom that at the taking the defendant's counsel objected to the plaintiff's

questions as leading, and requested the magistrate to write the
questions and the objections thereto, which the magistrate refused
to do.    Exceptions by the defendant.

The plaintiff also offered a large number of depositions and
called several witnesses to show the condition of the road on the
Monday before the accident, and defects other than the one
alleged to have occasioned the accident, such as recent drifts and
accumulations of snow.    The defendant objected thereto ; but it
was admitted, *pro forma ;* to which the defendant excepted.

The plaintiff also introduced as a witness one George W. Blood,
who was allowed to testify as to the condition of the main or
summer road at a point five or six rods beyond its intersection
with the winter road, and different from the place where the injury
was received.    Exceptions by the defendant.

There were also other points of exception relative to the no-
tice, and to the admission of evidence, but as they are not dis-
cussed by the court, they are not stated.

*E. Aldrich, Hartshorn, Shurtleff,* and *Dale,* for the defendant.
The road in question was not a public highway, and the declar-
ation was wrong.   REDFIELD, J., in *Batty* v. *Duxbury,* 24 Vt.
155, 163 ; *Northumberland* v. *A. & St. Lawrence Railroad Co.*
36 N. H. 574 ; *State* v. *Nudd,* 23 N. H. 327 ; *Cleaves* v. *Jordan,*
34 Me. 9 ; *Grube* v. *Nicholls,* 36 Ill. 92 ; *Mining Co.* v. *Ken-
nedy,* 3 Nev. 361 ; *Young* v. *Wheelock,* 18 Vt. 493 ; WHEELER
and ROYCE, JJ., in *Dickinson* v. *Rockingham,* 45 Vt. 99, 116 ;
*Allen* v. *Patterson,* 7 N. H. 478 ; *McMillan* v. *Saratoga,* 20 Barb.
449 ; *Bailey* v. *Ryder,* 10 N. Y. 363 ; *Safford* v. *Drew,* Duer,
627 ; *Shaw* v. *Railroad Corporation,* 8 Gray, 45.    See also
*Griffith* v. *Jenkins,* 2 Allen, 589 ; *King* v. *Clark,* 7 Mo. 269, and
cases *passim.*    The court therefore erred in holding that the town
was responsible.   *Folsom* v. *Underhill,* 36 Vt. 580 ; *Hyde* v. *Ja-
maica,* 27 Vt. 443 ; *Blodgett* v. *Royalton,* 14 Vt. 288 ; *Young* v.
*Wheelock, supra ; Bailey* v. *Fairfield,* Brayt. 128 ; *Page* v.
*Weathersfield,* 13 Vt. 424.

The defendant's requests as to negligence should have been
complied with.   REDFIELD, J., in *Briggs* v. *Taylor,* 28 Vt. 180,

183 ; *Folsom* v. *Underhill, supra ; Hawks* v. *Northampton*, 121
Mass. 10 ; *Hinckley* v. *Cape Cod Railroad Co.* 120 Mass. 257,
and cases *passim.*

The evidence as to other defects was improperly admitted.    It
was irrelevant but not immaterial, its inevitable tendency having
been to prejudice the defendant with the jury.


*Henry Heywood, Ray, Drew,* and *Jordan,* for the plaintiff.

The road in question was a public highway.    *Bates* v. *Sharon,*
45 Vt. 474 ; *Stockwell* v. *Dummerston,* 45 Vt. 443 ; *Dickinson*
v. *Rockingham,* 45 Vt. 99 ; See also, *Batty* v. *Duxbury,* 24 Vt.
155 ; *Bagley* v. *Ludlow,* 41 Vt. 425 ; *Prouty* v. *Bell,* 44 Vt. 72 ;
*Fairfield* v. *Morey,* 44 Vt. 239.

The requests to charge on the question of contributory negli-
gence were properly denied.    *Robinson* v. *Cone,* 22 Vt. 213 ;
*Barber* v. *Essex,* 27 Vt. 62 ; *Railroad* v. *Stout,* 17 Wal. 767 ;
Bigelow Lead. Cas. Torts, 589–596.

The exception to the admission of the deposition of Hawes is
unfounded.    A magistrate is not obliged to write the interroga-
tories.

The evidence as to the condition of the road at the place where
the injury was received on the preceding Monday was properly
received.

The other evidence to the admission of which exception was
taken was admissible as tending to show the existence of the de-
fect in question.


The opinion of the court was delivered by

Ross, J.    I.    The plaintiff was injured on a so-called winter
road.    This winter road was some thirty rods in length, nearly
parallel with the regular highway, had been used thirty or forty
years as a winter road, when the highway between its *termini* was
impassable by reason of drifts, had been broken out for thirteen
years by the highway surveyor, and broken out and repaired by
him that winter.    There was no evidence that the selectmen ever
opened, or that they or the town ever recognized or adopted, this
road as a public highway, or as a by-way, except from the facts

before stated. The facts, of which the foregoing are a brief statement, the County Court understand were uncontroverted. The regular highway was substantially conceded to have been a public highway for whose sufficiency the defendant was liable. The counsel requested the court to hold, that the plaintiff could not recover, because, 1. The accident did not occur within the limits of a public highway ; 2. The accident having occurred without the limits of a public highway, the plaintiff could not recover under his declaration, which alleged that it occurred on a *public highway*. The court overruled these objections, and held that the town was responsible for the winter road, and that the declaration was sufficient. To this the defendant excepted. In this we think there was no apparent error. As has been repeatedly held, the highway surveyor by his unauthorized acts, that is, when he acts outside the scope of his tax-bill and warrant, cannot, by adoption or otherwise, create a highway, for even a temporary purpose, for the sufficiency of which the town will be liable. When he expends money on a road embraced within his tax-bill and warrant, he acts by authority of the selectmen in regard to a matter within their jurisdiction, and his acts tend to show an adoption of the road by the town as a public highway, or as a way which the traveller may lawfully use. Where the regular highway is impassable, and a by-way or temporary way is opened by the authority of the selectmen, the town becomes responsible to a traveller for its condition. Although no direct authority of the selectmen for opening and using this particular piece of road was shown, yet, from the length of time it had been used as such, from the fact that every year the regular highway became impassable by drifts, and from the number of successive years the highway surveyor had broken it out and turned the travel over it, it was inferable that it had been done with the acquiescence if not by the authority of the selectmen of the defendant, who were charged with the duty of keeping the highways of the town in a reasonably safe condition at all seasons of the year. The majority of the court understand that the defendant asked the court to rule the law of the case on the uncontradicted facts in the case bearing on this question, and so authorized the court to legally

Coates *v.* Canaan.

infer that the action of the highway surveyor was authorized by the selectmen. If, after this ruling by the court was made, the defendant had asked to go to the jury to have them infer the authorization of the acts of the highway surveyor, a different question would have arisen, on which we express no opinion. If the winter road was properly a by-way, or a temporary way, for the sufficiency of which the defendant was liable to the plaintiff, as to him, at that time and on that occasion, it was a public highway ; and he might well describe it as such in his declaration, although the town may have acquired no right against the land-owner to maintain it in that place as a public highway, and as between them it was only a by-way, or an occasional way. Hence the exceptions in regard to this part of this case are not well taken.

II.  The plaintiff testified that he knew the place of the accident was a *dangerous place*, and had known it for three weeks before the accident.  The defendant's first and second requests on this point are, in substance, that if the plaintiff knew the place was a dangerous place, and voluntarily drove into it and was thereby injured, he was guilty of contributory negligence, and could not recover ;  and its third request, that knowing of the defect existing at the place of the accident, he could not recover unless he used more than ordinary care and prudence in driving into it.  We think the defendant was not entitled to have these requests complied with.  The word *dangerous* is the opposite of the word *safe*.  When a given place in a highway ceases to be safe it becomes dangerous.  While it is reasonably safe the town is not liable though the traveler receives injury thereon.  Hence, such instruction would exonerate the town in all cases where the traveler knew of the defect causing the injury.  A bridge, or a smooth well-wrought piece of the highway with a high embankment along its margin, without a railing, is unsafe, and so dangerous, and yet passed and passable by prudent men at the risk of the town if unforeseen accident causing injury should thereby happen thereon.  When a given place in a highway becomes *so dangerous* that ordinarily prudent men knowing its condition would not attempt to pass over it, it might and would probably

be held negligence for a man knowing its condition to attempt to
pass it, such negligence as would defeat a recovery for an in-
jury received in passing over it. Ordinary care and prudence
means such care and prudence as the average prudent man would
exercise under the like surroundings and in the like situation.
The charge of the court on this branch of the case gave the law
to the jury substantially as we have stated it. The principles of
the law on this point, we think, were correctly set forth in the
portion of the charge detailed in the exceptions. They might
need some further illustration and application to enable the jury
fully to understand, appreciate, and apply them to the facts in the
case, and it is stated that such illustrations were given.

III. The exception to the admission of the deposition was
not well taken. It would have been better for the magistrate to
have taken down the question objected to, and its answer, so that
the court could judge of the force of the objection. On his refu-
sal to do so, the counsel of the objecting party should have done
so, and have presented it properly vouched for to the County
Court. Then that court could have ruled intelligently upon the
objection, and if it presented a matter of law and not of discre-
tion, it could have been revised in this court. As it is, the record
discloses no error. If the question was leading, as is now claimed,
inasmuch as the County Court might, in its discretion, have al-
lowed it if the witness had been on the stand, and it would not
have been revisable in this court, so in its discretion it might have
allowed it by admitting the deposition without the commission of
legal error.

IV. The court, *pro forma*, and against the defendant's excep-
tion, allowed the plaintiff to show by a large number of witnesses
and depositions, the condition of the road on the Monday preced-
ing the Saturday of the accident, and a different defect from the
one claimed to have occasioned the accident, such as recent drifts
and new accumulations of snow several days before the alleged
accident, and not the existence of a cradle or pitch-hole such as
the plaintiff claimed caused the accident ; and against like excep-

tion, the plaintiff was allowed to show the condition of the old road or public highway five or six rods beyond its intersection with the winter road, a different place from that at which the accident occurred. This evidence, all but the last, having been admitted *pro forma*, it is evident that the County Court regarded its admissibility doubtful, and very likely admitted it against its judgment on the persistent urgency, if not at the risk, of the plaintiff's counsel. It is not now seriously claimed that this evidence, especially that to show the bad condition of the old highway, was legally admissible, but it is claimed that it could not have prejudiced defendant's case with the jury. We think this testimony was clearly inadmissible. Beyond the defect in the highway causing the injury, and the condition of the highway each way from the defective place, so far as it had any bearing upon the sufficiency or insufficiency of the defective portion, and the safety or danger to the traveller in passing it, the plaintiff had no right to offer testimony of the condition of the defendant's highway. If he could give evidence of its condition ten or twenty rods from the place causing the accident, he might a mile or two miles from that place, and the town in such an action would be liable to be obliged to meet and repel attacks upon any portion of its highways wherever situated. Neither had he the right to introduce testimony of the condition of the highway at the place of the accident at other times, except only so long as it remained in substantially the same condition it was in at the time of the accident, or in such a condition that a description of its condition and the changes it had undergone would throw light upon, and aid the jury in determining, its exact condition at the time of the injury.

It is not apparent what its snowy and drifted condition on the Monday before the Saturday of the injury had to do with the cradle-hole which the plaintiff claimed caused the injury, and of the existence of which and of its dangerous character the plaintiff testified he had known for three weeks. If other testimony existed and was introduced which connected this testimony with the existence of the cradle-hole, or with its dangerousness to the traveller, the plaintiff should have had it incorporated into the exceptions. As it stands in the exceptions it was

inadmissible for any legitimate purpose, and for any purpose, unless it was to create a prejudice in the minds of the jury against the defendant, by leading them to believe that it allowed its roads generally to remain insufficient, and for that reason it ought to be punished.   Such testimony is of the most dangerous and prejudicial character to a town in the trial of a cause in which the plaintiff appears before the jury, as did the plaintiff in this case, crippled for life, and whom they would be glad to compensate if they could find any reasonable ground to do so.   The admission of this testimony was both a legal, and to the defendant, prejudicial error.   For this error the judgment of the County Court is reversed, and the cause remanded.