PETER GERMAN, admr., *vs.* BENNINGTON & RUTLAND
RAILROAD COMPANY.

October Term, 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON and THOMPSON, JJ.

Opinion filed January 26, 1899.

*Demurrant's Rights, How Saved.*—When a demurrer is overruled in a civil
case at law, and the court does not enforce judgment thereon under the
rule nor pass the case up before final judgment, the demurrant must
elect whether he will abide by his demurrer and let judgment pass
against him and then go up, or whether he will plead over and thereby
waive it. Whether by leave of court the demurrant's rights may be
reserved, is not considered. They are not reserved by the mere fact that
the exceptions are ordered to lie.

*Exception.*—When the exceptions do not show the ground of the
defendant's motion for a verdict, the question cannot be considered
in this court.

*What Revisable.*—The action of the county court upon a motion to set
aside a verdict as against the evidence, or against the weight of evidence,
is not revisable here.

*Evidence Conflicting.*—The motion to set aside the verdict for want of
evidence of negligence on the part of the defendant and for conclusiveness
of evidence of contributory negligence on the part of the plaintiff, was
properly overruled, for the testimony upon both points was conflicting.

CASE. Plea, the general issue. Trial by jury at the
March term, 1898, Rutland county, *Start*, J., presiding.
Verdict and judgment for the plaintiff. The defendant
excepted.

*Barber & Darling, J. K. Batchelder* and *George E.
Lawrence* for the defendant.

*Butler & Moloney* for the plaintiff.

ROWELL, J. This is case for negligence in running over
and killing plaintiff's child, twenty-one months old.

By pleading the general issue and going to trial thereon
after the demurrer to the declaration was overruled, instead

of standing on the demurrer and submitting to a judgment of *quod recuperet,* the demurrer was waived.   This court has repeatedly so held.   *Rea* v. *Harrington,* 58 Vt. 181; *Houston* v. *Brush,* 66 Vt. 331; *Grand Isle* v. *Kinney,* 70 Vt. 381.   And this is the rule everywhere, unless otherwise by statute.   6 Ency. Pl. & Pr. 363.   "Who ever heard," says Chief Justice *Nelson* in *Jones* v. *Thompson,* 6 Hill 621, "of an issue of law upon the record in this court after the party demurring has had leave to amend and has availed himself of the privilege by joining an issue of fact?"   What is there called an amendment was simply pleading the general issue after a demurrer to the declaration was overruled.   In *Campbell* v. *Wilcox,* 10 Wall. 421, the defendants demurred generally to the declaration.   The demurrer was overruled and they pleaded to the merits, and the case was submitted to the court without the intervention of a jury.   The court said that pleading to the merits after the demurrer was overruled operated as a waiver of the demurrer; that the demurrer was thereby abandoned, and ceased thenceforth to be a part of the record.

The fact that the exceptions were ordered to lie, makes no difference, as suggested in argument that it does; for although it is quite the practice to order exceptions on interlocutory questions to lie, yet the order has no force nor significance, for they must necessarily lie until they are disposed of in some way, unless the court, in its discretion, passes the case up on them before final judgment.

When a demurrer is overruled in a civil case at law, and the court does not enforce judgment thereon under the rule nor pass the case up before final judgment, the demurrant must elect whether he will abide by his demurrer and let judgment pass against him and then go up, or whether he will plead over and thereby waive it.   Whether, by leave of court, any other course is open to him, we have no occasion to inquire.

We have treated this subject somewhat at large, for the purpose of calling the attention of the Bar more fully to the rule, that the practice may be more in accordance with it.

As the exceptions do not show the ground of the defendant's motion for a verdict, the question cannot be considered. We presume, however, that the same question is raised by the motion to set aside the verdict for want of evidence tending to show negligence on the part of the defendant, and for that the undisputed evidence showed contributory negligence on the part of those for whose benefit the suit is brought, which we consider. But as far as the motion is based upon the ground that the verdict was "against the evidence," and "against the weight of evidence," we do not consider it, for the action of the court in that respect was discretionary and not revisable here. *Stearn* v. *Clifford*, 62 Vt. 92.

The defendant excepted to the refusal of the court to charge that the engineer owed no duty to the child by way of precaution in discovering it upon the track until he had reason to apprehend that a child was there. But the question of the engineer's duty in this respect was not involved in the case, for by his undisputed testimony, when he first saw the object that turned out to be the child, he was at such a distance from it that he could easily and without inconvenience have stopped the train before reaching it, and as he knew it was something that did not belong on the track, he kept his "eye centered upon it" from the time he first saw it till he reached it. Hence the question was, not whether the engineer discovered the object as soon as he ought, for no claim was made that he did not, but whether, having discovered it, he exercised the requisite degree of care in discovering that it was a child, and in endeavoring to avoid injury to it after such discovery ; and to the charge on this question the defendant did not except.

But it moved to set aside the verdict, for that there was no evidence tending to show negligence on its part. This

motion was properly overruled, for the testimony was conflicting on this point; that on the part of the defendant tending to show that the engineer discovered that the object was a child as soon as he could, and then did everything in his power to stop the train but could not; while that on the part of the plaintiff tended to show that he could have stopped the train seasonably after discovering the child, and that in fact he did slow down after passing the point at which he admitted such discovery, as if to let some one off at the farm crossing in question, and then started up again just as it left the crossing, which was only 275 feet from the child.

The motion for a verdict on the ground that the testimony showed contributory negligence on the part of those for whose benefit the suit is brought was also properly overruled. The testimony was not sufficiently decisive on that question to make it one of law, but, in the circumstances, it was clearly one of fact, as much as it was in *Lindsay, admr.* v. *The Canadian Pacific R. R. Co.*, 68 Vt. 556.

*Judgment affirmed.*