## EMMA F. ORR *vs.* CITY OF OLDTOWN.

### Penobscot.    Opinion October 10, 1904.

*Ways.    Liability of Municipality for Ways.    Contributory Negligence.*
*Nonsuit.    Exceptions.*

Towns have fully performed their duty to the traveling public, when they
have constructed and maintained wrought ways of reasonable width and
smoothness.  If a driver choose, without reasonable cause, to drive outside
such a way, he does it at his own risk, and at the risk of his passenger, and
not at the risk of the town.

A town is not liable for injury caused by a defect in a way, unless the defect
was the sole cause of the injury.

In an action to recover for injuries caused by a defective way, it is incum-
bent upon the plaintiff to prove affirmatively not only that no want of due
care on his own part contributed to the injury, but likewise that there was
none on the part of the driver, if any.    .

Exceptions will not be sustained in any event if the excepting party must
ultimately fail upon the undisputed facts.

Exceptions by plaintiff.    Exceptions overruled.

Action on the case to recover damages for injuries received by
plaintiff by reason of an alleged defect in the highway in defendant
town.    At the conclusion of the plaintiff's testimony, on motion of
the defendant's counsel, the presiding justice ordered a nonsuit on
the ground that the foregoing evidence on the question of due care
of Gertrude E. Perry, the person who was driving the team in which
the plaintiff rode, was insufficient to warrant sending the case to the
jury.

*W. H. Powell*, for plaintiff.

The term " due care " is a relative one.    It would have added no
probative force to the plaintiff's case if Gertrude E. Perry and a
dozen witnesses had testified at the hearing that she was in the exer-
cise of due care.    Whether or not she was in the exercise of due
care must be inferred by the jury from all the facts and circum-
stances in the case.    *French* v. *Brunswick*, 21 Maine, 29; *Garmon*
v. *Bangor*, 38 Maine, 443.    The question of due care is for the

jury, 64 Maine, 541. Where evidence had been introduced tending to prove all the points required by law to be proved, in order to maintain the action, although circumstantial in character, and by way of inference from facts proved, a nonsuit ought not to be ordered, but the case should be submitted to the determination of the jury. *Foster* v. *Dixfield,* 18 Maine, 380. The question of negligence either of plaintiff or of defendant is one of fact for the jury, when the facts are in controversy, and even when they are not, if fair minded and unprejudiced persons may differ in the conclusions to be drawn from the facts. It is a question of law for the court when the facts are undisputed, and but one inference can properly be drawn therefrom. *Blumenthal* v. *B. & M. R. R.,* 97 Maine, 260.

*F. W. Knowlton,* for defendant.

In an action against a town for personal injuries from a defective highway, it is necessary for the plaintiff to show due care on her part, and also due care on the part of the driver, before the defendant will be required to introduce any evidence, and if all the evidence, as a whole does not show said due care, the presiding justice should order a nonsuit. *Merrill* v. *Hampden,* 26 Maine, 234; *Dickey* v. *Maine Tel. Co.,* 43 Maine, 492; *Benson* v. *Titcomb,* 72 Maine, 31; *Whitman* v. *Fisher,* 98 Maine, 575.

If the plaintiff knew that the hole was there and that the highway was dangerous at that point, she would be required to exercise greater care, and the lack of same would be contributory negligence. *Wormwell* v. *M. C. R. R. Co.,* 79 Maine, 397 *Walker* v. *Redington Lumber Co.,* 86 Maine, 191.

A person driving into a place of known peril and doing nothing to safeguard himself, does not exercise the measure of care which the law requires. *Whitman* v. *Fisher,* 98 Maine, 575.

SITTING: WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, JJ.

SAVAGE, J. Action to recover damages for injuries sustained by reason of an alleged defect in highway in defendant town. The case

comes up on exceptions to an order of nonsuit for want of evidence of due care on the part of the driver. We think the order was right. The presiding justice would have been warranted in finding that the evidence, such as it was, showed affirmatively and unmistakably a want of due care by the driver. The alleged defect consisted in what is called in the case a "hole" beside the road, not more than thirty feet from the plaintiff's house. A drain pipe had been laid alongside the road on the same side and in front of the plaintiff's house, terminating about thirty feet distant therefrom. The ditch in which the pipe lay was filled about to the level of the road, nearly as far as the end of the pipe. From this point, the ditch, unfilled, three feet deep and four feet wide, extended still further. The embankment where the fill ended was nearly perpendicular. The plaintiff claimed and testified that tall grass on the side of the road had "grown right out straight" over the ditch, so that the precise edge of the hole, or end of the ditch, was somewhat obscured or "blind." Between the ditch and the traveled portion of the way was a strip of grass ground, two feet wide, at the end of the ditch. Then widening it extended from the end of the ditch past the front door of plaintiff's house, between the sidewalk and traveled way. At the end of the ditch the traveled way was twenty-one and a half feet wide, between the grass strip and the shoulder of the electric railway bed on the other side of the road. Some time previously, a water pipe had been laid in the street at a distance varying from seven to nine feet from the edge of the ditch containing the drain pipe, it being the longer distance at the end of the drain pipe. When the ditch for the water pipe was refilled, earth was left somewhat above the level of the road. At the time of the accident it had not completely settled, and there still remained a ridge or "mound," as the plaintiff calls it, two or three feet wide at the bottom, rounding over, and three inches high in the middle. This ridge extended to a point in front of the plaintiff's house. Otherwise the traveled way was level and smooth.

On the day in question, the plaintiff and her sister-in-law, Mrs. Perry, with two small children of the latter, had driven out with a team to make some calls. Mrs. Perry drove, and the plaintiff sat

upon the left side of the wagon, holding one child in her lap, with her arm around the other. On their return, they stopped a moment in front of the plaintiff's house, the off wheel standing on the grass strip between the sidewalk and traveled way. They then started to make another call. They drove along in the direction of the ditch or "hole," thirty feet distant. Mrs. Perry drove so far to the right that the off wheel all the time kept on the grass, and the measured distances show that the horse, if not on the grass, must have traveled close to the line between the grass and the traveled way. As Mrs. Perry was sitting on the right hand side of the wagon, the ditch was directly in front of her and even if it was "blind" at the "hole" by reason of the grass, it was clearly in sight a few feet further on, as the photographs in the case show. Nevertheless she drove "right straight on," turning neither to the right nor left, and when the off wheel reached the hole it dropped in and the plaintiff was thrown out and somewhat injured. It was clearly a case of "thoughtless inattention" on the part of the driver. *Tasker* v. *Farmingdale,* 85 Maine, 523. Had she used her eyes and her mind, she could not have failed to see that they were approaching a ditch, a dangerous place. She must have known she was in the line of the ditch, and must turn to the road in order to avoid getting into the ditch. Common prudence would have suggested that course. No other inference is admissible. If she did not know exactly where the ditch began,—and as to this there is no evidence,—there was all the more need of her giving careful attention to where she was driving, if she chose to drive towards a place of apparent danger.

Besides she was driving out of the traveled part of the way. Towns have fully performed their duties to the traveling public when they have constructed and maintained wrought ways of reasonable width and smoothness. If the driver chose, without reasonable cause, to drive outside such a way, she did it at her own risk and the risk of the plaintiff, and not at the risk of the town. No reason appears in this case to justify the driver in guiding, if she did guide, her horse so far to the right of the road. The little ridge of earth, three inches high, left when the water pipe was laid, was not an obstruction. It was hardly an inconvenience. It could be easily

crossed and recrossed. It presented no difficulty. But had it been otherwise, there was sufficient room to drive between the ridge of earth and the grass. And on the other side of the road was a clear space eleven or twelve feet wide, between the ridge and the electric railway. . There was no apparent justification for driving outside the wrought portion of the road.

In *Mosher* v. *Smithfield*, 84 Maine, 344, plaintiff failed to hold a verdict merely because there was no evidence, one way or the other, as to the care of the driver. The circumstances were as consistent with one theory as with the other. For it is the law in this state that a town is not liable in a case like this unless its fault was the sole cause of the injury. And it is incumbent upon a plaintiff to prove affirmatively, not only that no want of due care on his own part contributed to the injury, but likewise that there was none on the part of the driver, if any. *Gleason* v. *Bremen*, 50 Maine, 222, *Mosher* v. *Smithfield*, supra. This is a stronger case for the defendant than *Mosher* v. *Smithfield*, for, as we have already said, the circumstances here show affirmatively that want of due care on the part of the driver, did contribute to the injury. And they show it so clearly and unmistakably, that no other inference or conclusion is warrantable. The ruling of the court was therefore right.

But had it been otherwise, the case presents another insuperable obstacle to recovery by the plaintiff, and that is the plaintiff's own want of ordinary care. Though this ground was not made a basis for the ruling below, it is proper to consider it here, for it is a wise rule of the law that exceptions will not be sustained in any event, if the excepting party must ultimately fail upon the undisputed facts. *Matthews* v. *Fisk*, 64 Maine, 101; *Farnsworth Co.* v. *Rand*, 65 Maine, 19.

The entire evidence offered by the plaintiff is made a part of the bill of exceptions. It shows that plaintiff had known of the existence of the hole and its general location for at least six years, though she says she did not know precisely where the edge of it was, on account of the long grass. She could see the mouth of the drain from her windows. She testified that she knew the hole was "a dangerous place." Two months previous she had notified the mayor

that it was a dangerous place, and watched him while he examined it. And yet, with all this knowledge, she permitted Mrs. Perry at the time of the accident to "drive right straight along" into the hole, without a word of suggestion or expostulation, without a hint to the driver of the danger known to the plaintiff, without any effort to save herself or prevent the injury. She was clearly lacking in that care and thoughtfulness which was due to the occasion. Had she used her knowledge as she ought to have done, no injury would have occurred. Her own want of due care contributed to the injury.

*Exceptions overruled.*