CITIZENS SAVINGS BANK AND TRUST COMPANY *v.* NORTHFIELD TRUST COMPANY.

February Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 15, 1915.

*Demurrer—Waiver by Pleading Over—Effect of Permission to Replead Without Prejudice—Banks—Undertaking Collection of Current Negotiable Paper—Duty to Make Requisite Demands and Protests and Give Requisite Notices—Liability for Failure so to do—Consideration for Undertaking.*

An overruled demurrer to a declaration in a civil case is waived by pleading to the merits, or by going to trial on an agreed statement of facts, and the court cannot relieve a demurrant from the operation of that rule by ordering demurrant's exception to the overruling of the demurrer to lie, and allowing him to replead without prejudice.

The law intends that questions raised by a demurrer shall be finally disposed of before trial on the merits, and that requirement is not a mere rule of court, nor a mere matter of form, but is one step in a course of established procedure whereby contested claims are brought to final adjustment.

A bank that accepts current negotiable paper, sent it with instructions merely to collect and remit, impliedly undertakes to make the demands and protests and give the notices required by the law merchant to perfect the liability of the indorsers, and is liable for the damage resulting from its neglect to do so.

In an action against a bank for damages resulting from its failure to make the demands and protests and give the notices required by the law merchant to perfect the liability of indorsers on current

5

negotiable paper that it has undertaken to collect, the bank has the burden of showing any claimed special contract, or special instructions, in respect of the matter.

The requirement that a bank that undertakes the collection of current negotiable paper shall make the demands and protests and give the notices requisite to perfect the liability of the indorsers is not one of custom, but of general law, on which the sender of the paper has a right to reply, until the bank shows some modification of it by local custom, of which the sender had actual or imputed knowledge.

The fact that a bank that undertakes the collection of current negotiable paper charges nothing for its services is immaterial on the question of its liability for failure to make the demands and give the notices requisite to perfect the liability of the indorsers, for the general benefit derived from the making of such collections is a consideration sufficient to fix the liability, and the taking of the paper for collection in the usual course of business is sufficient evidence of that consideration.

CASE for negligence in failing to make the demands and protests and to give the notices requisite to perfect the liability of indorsers of current negotiable paper that defendant had undertaken to collect. First heard on demurrer to the declaration at the June Term, 1912, Caledonia County, *Fish*, J., presiding. Demurrer overruled and declaration adjudged sufficient, to which defendant excepted. That exception ordered to lie, and defendant allowed to replead without prejudice. Thereupon there was a trial by court on an agreed statement of facts, wherein is the stipulation: "This agreed statement is made without prejudice to defendant's exceptions to the overruling of its demurrer to the declaration." Judgment for the plaintiff. Defendant excepted.

At the time in question both parties were engaged in the banking business in Vermont, plaintiff in St. Johnsbury and defendant in Northfield. On October 17, 1910, plaintiff in the course of its said business discounted a note for $200 of that date, signed by Burns, Wilfore & Hamilton Company, payable in two months from date at defendant's bank to the order of Laird Granite Works, and indorsed by the payee and by T. Laird. On December 7, 1910, plaintiff sent this note to defendant by mail, with instructions merely to "collect and remit."

Defendant undertook the collection in the course of its ordinary business. No agreement was made as to compensation for defendant's services. The note was not paid at maturity, and defendant failed to protest the note for non-payment and gave no notice of protest or of non-payment to either plaintiff or to said indorsers until January 4, 1911. When the note matured its said maker was engaged in the granite business at said Northfield, and was then insolvent; but that fact was not known by plaintiff until after the maturity of the note. When the note matured said indorsees were solvent, the Laird Granite Works doing business at St. Johnsbury, Vermont, and T. Laird owning a house and lot there.

*Elisha May* for the defendant.

*Joseph Fairbanks* for the plaintiff.

MUNSON, C. J. An overruled demurrer in a civil case at law is waived by pleading to the merits. *German* v. *Bennington, etc., R. Co.,* 71 Vt. 70, 42 Atl. 972. The defendant in this case waived its demurrer to the declaration by going to trial on an agreed statement of facts; unless the right to insist upon it after a judgment on the merits was preserved by the permission of the court to replead without prejudice. In the case cited the court gave no consideration to the effect of such a permission.

We know of no decision upon this point; but there seems to be good reason for holding that the court cannot relieve an unsuccessful demurrant from the operation of the rule above stated by giving him leave to replead without prejudice. The effect of the rule, as given in the case cited, is that "the demurrant must elect whether he will abide by his demurrer and let judgment pass against him and then go up, or whether he will plead over and thereby waive it." When the legal sufficiency of the matters alleged in the declaration is challenged by a demurrer, the law intends that the question thus raised shall be disposed of before the case goes to trial. The requirement we are considering is not a mere rule of court, nor a mere matter of form. The election required of a demurrant is one step in a course of established procedure by which the claims of the parties are brought to final adjustment. This departure from the established procedure brings on the trial of an issue of fact,

while a preliminary question of law, raised by the defendant and decided against him, is held open for his benefit. The exceptions rest upon the theory that the court may suspend the operation of the rule in the particular case, for no other reason than to save the demurrant from the consequences which the law says shall follow the action taken. If the court can do this in one case, it can do it in many, and so practically abrogate an important requirement of the law of pleading. Our conclusion that this practice should not be sanctioned is supported by the statutory provision which allows the passing of cases to the Supreme Court before final judgment. If the trial court thinks a case is such that the party ought not to be compelled to waive his demurrer, it can send the case up for a hearing on the demurrer before proceeding further.

So the demurrer is not before us, and we take up the case as presented by the agreed statement. In doing so, we need refer only to the matters wherein the defendant claims that the statement is insufficient.

The only instructions given the defendant were contained in the words, "collect and remit," and there is no statement that the defendant undertook to protest and give notice to indorsers. It is stated that the defendant undertook the collection in the course of its ordinary business, but there is no statement that it expected to be paid for the service, and none that it is customary for collecting banks to protest and give notice. So the defendant presents for our consideration the question whether a collecting bank is bound, in the absence of specific instructions, to protest and notify in case of non-payment. We have no case dealing with this question, but the law of the subject has long been settled in other jurisdictions. See note 77 Am. St. Rep. 613.

A statement that the note is sent for collection, without more, determines the duty of the collecting agent. The acceptance of negotiable paper thus sent carries with it an implied undertaking to make the demands and give the notices required by the law merchant. *Allen* v. *Merchants Bank,* 22 Wend. 215, 34 Am. Dec. 289, 294. The purpose of sending a note for collection is to secure payment from all who are liable upon it, and to omit giving notice of the dishonor is to neglect a part of the obvious and legal means of collection. *Thompson* v. *Bank,* 3 Hill (S. C.) 77, 30 Am. Dec. 354. If any special contract was made, or special instruction given, it was for the defendant to

state. *Fabens* v. *Mercantile Bank,* 23 Pick. 334, 34 Am. Dec. 59.

The defendant can derive no benefit from the omission to state that it is customary for collecting banks to protest and give notice. The requirement is not one of custom, but of general law. *Exchange Nat. Bk.* v. *Third Nat. Bk.,* 112 U. S. 276, 28 L. ed. 722, 5 Sup. Ct. 141. The sender of the note can rely on the established rule of the law merchant, until the collecting bank shows some modification of it by local usage, of which the sender had, or ought to have had, knowledge. See *Lincoln Bank* v. *Page,* 9 Mass. 155, 6 Am. Dec. 52; *Bank of Washington* v. *Triplett,* 1 Peters 25, 7 L. ed. 37.

The fact that the bank charges nothing for the collection is immaterial. The general benefit which the bank derives from the making of such collections is regarded as a consideration for the undertaking sufficient to uphold the liability. *Bailie* v. *Augusta Sav. Bk.,* 95 Ga. 277, 21 S. E. 717, 51 Am. St. Rep. 74. The taking of the paper for collection in the usual course of business is sufficient evidence of a valuable consideration. *Exchange Nat. Bk.* v. *Third Nat. Bk.,* 112 U. S. 276, 28 L. ed. 722, 5 Sup. Ct. 141.

*Judgment affirmed.*