WILLIAM R. SHARBY *v.* TOWN OF FLETCHER.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1924.

*Pleading—Waiving Overruling of Demurrer by Pleading to Merits—Sufficiency of Complaint under Statute for Injuries by Defective Town Bridge—Law of The Case—Evidence Viewed Most Favorably for Plaintiff on Defendant's Motion for Directed Verdict—Burden on Plaintiff to Show Freedom from Contributory Negligence—May Be Shown by Evidence That Injuries Due Solely to Defendant's Negligence—Question of Negligence Ordinarily for Jury—When Negligence May Be Ruled as Matter of Law—Supreme Court in Determining Whether Verdict Supported by Evidence Will Not Weigh Evidence Nor Balance Inferences— Measure of Care to Which Driver of Automobile Is Held— Due Care of Driver Held for Jury—Negligence of Town Held for Jury—Motion to Set Aside Verdict Addressed to Court's Discretion—Refusal to Set Aside Verdict Held Not Abuse of Discretion—Presumption That Court Exercised Its Discretion—Refusal of Requested Instruction Not Error Where Fully Covered by Other Instructions—When Instructions as to Contributory Negligence of Plaintiff Necessary—Evidence in Rebuttal.*

1.  Error in overruling demurrer in a civil case at law is waived by pleading to the merits, even though the trial court attempts to secure to demurrant the benefits of the demurrer.

2.  In an action against a town for injuries caused by insufficiency and want of repair of one of its bridges, demurrer to complaint for its failure to count upon, or recite, the statute was properly overruled, where the complaint stated a cause of action under the statute.

3.  Where case was tried upon a certain theory of the law and submitted to the jury accordingly, no exceptions being taken thereto by either party, whether right or wrong the rule adopted was the law of the case.

18

4. On defendant's motion for a directed verdict, the evidence must be considered in the light most favorable to plaintiff.

5. In action against a town for injuries caused by insufficiency and want of repair of one of its bridges, to one riding as guest in an automobile, plaintiff, as case was tried below, *held* to have had burden of showing driver's freedom from contributory negligence.

6. To sustain such burden, does not require evidence distinctly directed to showing driver's freedom from such negligence, but any evidence that tended to show that plaintiff's injuries were due solely to the alleged defects necessarily tended to show freedom from such negligence on the part of the driver.

7. Where law has settled no rule of diligence, negligence is ordinarily a question for the jury, to be inferred from the attending circumstances.

8. Negligence can be ruled as a matter of law only when facts are undisputed and so conclusive that but one reasonable inference can be drawn therefrom, for, if the evidence justifies opposing inferences, the question is always for the jury.

9. It is not the province of the Supreme Court, in considering whether verdict is supported by the evidence, to weigh the evidence and balance inferences.

10. In determining whether the driver of an automobile, in crossing a defective bridge, was negligent, the test is, what would a careful and prudent person have done in like circumstances, acting on his. judgment then, and not on a judgment based upon subsequent reflection.

11. Question of negligence of automobile driver in crossing defective bridge, *held* for the jury.

12. Whether guard railing on a bridge would have averted an accident, and whether defendant town was short in the performance of its legal duty in failing to provide a railing, *held* for the jury.

13. Motion to set aside verdict as unsupported by evidence, contrary to instructions of the court, and excessive in amount, was addressed to court's legal discretion, and its disposition thereof is not reviewable, unless such discretion was abused.

14. Court's refusal to set aside verdict for $1,983.33, for personal injuries, *held* not an abuse of discretion in view of the evidence.

15. It will be presumed, the contrary not appearing, that the court

exercised its discretion in overruling motion to reduce damages awarded as excessive.

16. Where the subject-matter of a request for instructions was fully covered by the charge as given, which was not excepted to, refusal of the court to charge in language of the request was not error.

17. In an action against a town for injuries caused by insufficiency and want of repair of one of its bridges, plaintiff's negligence is always involved unless clearly waived by the defendant, hence in such a case action of trial court in instructing jury on that subject-matter was proper, even though the defendant made no effort to charge plaintiff with contributory negligence, but simply remained passive on this question.

18. In such action, testimony of surveyor, as a witness for the plaintiff, as to measurements made by him tending to show the improbability, if not impossibility, of the motor truck involved in the action having reached the bridge without tipping over, if it followed the course indicated by defendant's evidence, *held* properly admitted in rebuttal.

ACTION OF TORT under the statute to recover for personal injuries, alleged to have been caused by the insufficiency and want of repair of a bridge or culvert in a public highway of the town of Fletcher. Plea, the general issue. Trial by jury at the September Term, 1923, Franklin County, *Graham, J.,* presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*W. H. Fairchild, F. L. Webster, D. W. Steele,* attorneys for the defendant.

The action being purely statutory, the statute should be strictly construed, and its provisions are the limits of the defendant's liability. *Baxter* v. *Winooski Turnpike Co.,* 22 Vt. 114, 123; *Prindle* v. *Fletcher,* 39 Vt. 255; *Bovee* v. *Danville,* 53 Vt. 183, 188; *Moody* v. *Town of Bristol,* 71 Vt. 473; *Mobus* v. *Town of Waitsfield,* 75 Vt. 122, 125.

Under statute permitting recovery of damages from a town for injuries to a person or his property by reason of the insufficiency or want of repair of a bridge or culvert which the town is liable to keep in repair, if such injury is caused by a

defect in the highway acting concurrently with the negligence of a fellow-traveler, so that the combination of the two is the proximate cause of the injury, recovery cannot be had under the statute. *Bartram et ux.* v. *Town of Sharon,* 71 Conn. 686, 43 Atl. 143; *Place* v. *Town of Sterling,* 86 Conn. 506, 86 Atl. 3; *Barnes* v. *Inhabitants of Rumford,* 96 Me. 315, 52 Atl. 844; *Whitman* v. *City of Lewiston,* 97 Me. 519, 55 Atl. 514; *Orr* v. *City of Oldtown,* 99 Me. 190, 58 Atl. 914; *Mahogany* v. *Ward, Town Treas.* (R. I.), 17 Atl. 860; *Shepard* v. *Chelsea,* 4 Allen 113; *Alger* v. *Lowell,* 3 Allen 402; *Palmer* v. *Andover,* 2 Cush. 600; *Kidder* v. *Dunstable,* 7 Gray 104; *Richards* v. *Enfield,* 13 Gray 344; *Rowell* v. *Lowell,* 7 Gray 100; *Flagg* v. *Hudson,* 142 Mass. 280; *Hayes* v. *Hyde Park,* 153 Mass. 514; *McMahan* v. *Harvard,* 213 Mass. 20.

*W. E. Tracy* and *C. G. Austin & Son* for the plaintiff.

Questions of negligence, where the law has no settled rule of diligence, cannot be determined as a matter of law. *Barber* v. *Essex,* 27 Vt. 62; *Hill* v. *New Haven,* 37 Vt. 501; *Campbell* v. *Fair Haven,* 54 Vt. 336; *Rogers* v. *Swanton,* 54 Vt. 585; *Selinas* v. *State Agricultural Soc.,* 60 Vt. 249; *Latremouille* v. *Bennington & Rutland Ry. Co.,* 63 Vt. 336; *Germond's Admr.* v. *C. V. R. R.,* 65 Vt. 126; *Benedict* v. *Union Ag. Soc.,* 74 Vt. 91; *Howrigan* v. *Bakersfield,* 79 Vt. 249; *Wood* v. *C. V. Ry. Co.,* 89 Vt. 321.

In action under a statute, the statute need not be pleaded, but it is sufficient if the case is brought within the statute by alleging the requisite facts. 1 Chitty's Pl. 16th Am. ed. 237; Gould Pl. 111, § 16, note 3; 20 Enc. Pl. & Pr. pp. 594, 595; *Griswold* v. *Gallup,* 22 Conn. 208; *C. B. & O. R. R. Co.,* v. *Porter,* 72 Iowa, 426, 34 N. W. 286; *Hayes* v. *West Bay City,* 91 Mich. 418, 51 N. W. 1067; *Inhabitants of Peru* v. *Barrett* (Me.), 70 L. R. A. 567; *Fowler Packing Co.* v. *Enzenperger Estate* (Kan.), 15 L. R. A. 784.

SLACK, J.  The plaintiff seeks to recover for personal injuries caused by the alleged insufficiency and want of repair of a bridge in the defendant town. The defendant filed a special demurrer to the complaint which demurrer was overruled, and the defendant was allowed an exception which was ordered to

lie and the defendant's rights thereunder "by leave of court were reserved until final hearing." Thereupon the defendant filed an answer denying the material allegations of the complaint, a trial was had by jury resulting in a verdict and judgment for the plaintiff, and the case is here on defendant's exceptions.

[1, 2] An overruled demurrer in a civil case at law is waived by pleading to the merits. *German* v. *Bennington, etc., R. R. Co.,* 71 Vt. 70, 42 Atl. 972; *White's Admx.* v. *Central Vermont Railway Co.,* 87 Vt. 330, 337, 89 Atl. 619; *Niles* v. *Central Vermont Railway Co.,* 87 Vt. 356, 89 Atl. 629; *Citizens' Savings Bank and Trust Company* v. *Northfield Trust Company,* 89 Vt. 65, 94 Atl. 302, Ann. Cas. 1918A, 891. See, also, *Patterson's Admr.* v. *Modern Woodmen, etc.,* 89 Vt. 305, 95 Atl. 692. In the latter case, as in the case at bar, the trial court undertook to secure to the demurrant the benefit of the demurrer until final hearing, but for reasons there stated, which we indorse, without avail. However, as against the only defect now relied upon, namely, failure of the complaint to count upon, or recite, the statute, the demurrer was properly overruled. The complaint states a cause of action under the statute, which is all that is required. *Morrisey* v. *Hughes,* 65 Vt. 553, 27 Atl. 205; *Wescott* v. *Railroad Co.,* 61 Vt. 438, 17 Atl. 745; *Inhabitants of Peru* v. *Barrett,* 100 Me. 213, 60 Atl. 968, 70 L. R. A. 567, 109 A. S. R. 494; 21 R. C. L. 443.

The alleged insufficiency of the bridge was lack of suitable guards or railings at its sides to protect travelers thereon from driving or falling off at those points.

The defendant at the close of plaintiff's evidence and of all the evidence moved for the direction of a verdict in its favor on various grounds, among which was in substance this: That, upon all the evidence in the case, it did not appear that plaintiff's injuries were caused solely by the insufficiency or want of repair of said bridge, but, on the contrary, it did appear that such injuries were the result, in whole or in part, of the negligence of the driver of the truck. The motion was overruled, and the defendant had an exception.

[3] It is not claimed that the negligence of the driver was imputable to the plaintiff. But it is stoutly urged that since the action is purely statutory—as it, of course, is—and the damages given by statute are such, only, as occur to a person or his

property "by reason of the insufficiency or want of repair of a bridge or culvert which the town is liable to keep in repair" (see G. L. 4615), no recovery can be had if the concurring negligence of the driver contributed to the injury. Numerous cases from other jurisdictions, among which are *McMahan* v. *Harvard,* 213 Mass. 20, 99 N. E. 458; *Hayes* v. *Hyde Park,* 153 Mass. 514, 27 N. E. 522, 12 L. R. A. 249; *Place* v. *Town of Sterling,* 86 Conn. 506, 86 Atl. 3; *Barlram et ux.* v. *Town of Sharon,* 71 Conn. 686, 53 Atl. 153, 46 L. R. A. 144, 71 A. S. R. 225; *Orr* v. *City of Oldtown,* 99 Me. 190, 58 Atl. 914; *Whitman* v. *City of Lewiston,* 97 Me. 519, 55 Atl. 414; *Barnes* v. *Inhabitants of Rumford,* 96 Me. 315, 52 Atl. 844, are cited in support of this proposition. But we have no concern with this question, since the record shows that the trial below proceeded upon the theory contended for by the defendant, and the case was submitted to the jury with this instruction: "If you find that a combination of the concurrent negligence of the driver of the truck, provided you find she was negligent, and the insufficiency of the bridge together constituted the efficient and proximate cause of the plaintiff's injuries, then * * * your verdict will be for the defendant," which was not excepted to by either party. Nor, indeed, did either party except to anything the court said concerning the negligence of the driver. So whether right or wrong, the rule thus adopted below is the law of the case.

[4-8] This brings us to the question of whether the evidence was sufficient to take the case to the jury on the question of the driver's negligence. In considering the evidence for the purpose of determining this, certain well-established rules should be borne in mind. In the first place, the evidence must be considered in the light most favorable to the plaintiff. *Morse's Estate* v. *Town of St. Johnsbury,* 92 Vt. 423, 105 Atl. 34. Second, while, as the case was tried below, plaintiff undoubtedly had the burden of showing that the driver was free from such negligence as would prevent a recovery, to do this did not require evidence distinctly directed to that negative proposition. *Duggan* v. *Heaphy,* 85 Vt. 515, 531, 83 Atl. 726. Any evidence that tended to show that plaintiff's injuries were due solely to the alleged defects necessarily tended to show freedom from such negligence on the part of the driver. And finally, where the law has settled no rule of diligence, negligence is ordinarily a question for the jury, as it is a fact to be inferred from the attending circum-

stances. It can be ruled as a matter of law only when the facts are undisputed, and are so conclusive that but one reasonable inference can be drawn therefrom. If the evidence justifies opposing inferences, the question is always for the jury. *Britch* v. *Town of Sheldon,* 94 Vt. 235, 110 Atl. 7; *Place* v. *Grand Trunk Railway,* 82 Vt. 42, 71 Atl. 836; *Place* v. *Grand Trunk Railway,* 80 Vt. 196, 67 Atl. 545; *Barber* v. *Essex,* 27 Vt. 62; *Swift* v. *Newbury,* 36 Vt. 356; *Drew* v. *Town of Sutton,* 55 Vt. 586, 45 A. R. 644; *Bancroft* v. *Town of East Montpelier,* 94 Vt. 163, 109 Atl. 39. With these observations, we attend to the evidence material to the question before us.

These facts were undisputed: The accident occurred in the forenoon, on July 5, 1923. The plaintiff, then eight years of age, in company with a Mrs. Carey and her three daughters, Kathryn, Hazel, and Ardelle, was traveling in a Ford truck from the Carey home in the defendant town to the village of Fletcher Center over the highway of which the bridge in question is part. Kathryn and Hazel sat on the front seat of the truck, Mrs. Carey and Ardelle sat on the rear seat, and the plaintiff sat on the floor back of the rear seat. Kathryn was driving. The truck went off the west side of the bridge into the stream below.

The plaintiff's evidence tended to show these facts: The floor of the bridge is stone. Measured on the floor, it is 17.6 feet wide. On either side, resting on the floor, is, or was, a log 7 or 8 inches in diameter. Between these logs is 1.6 feet of dirt, in depth, so that the road bed, on the bridge, is 11 or 12 inches higher than the top of the side logs. The width of the traveled track, on the bridge, is 12.2 feet. Grass and tall weeds grew on either side of the traveled track, from the track to the side of the bridge, and beyond, except at the very opening. Going south from the bridge the road rises 10½ feet in a distance of 268 feet, and going north it rises 8.8 feet in a distance of 232 feet. The road curves slightly to the west at the bridge. There is nothing about the bridge to apprise a traveler approaching from the south of its existence. The morning of the accident there were ruts in the road extending from a point more than 268 feet south of the bridge to and across the bridge; these ruts were not of uniform depth, but just south of the bridge, and on it, they were approximately 3 inches deep. It had rained the day and night before the accident and the road was slippery. The truck approached the bridge from the south at a speed of not more

than ten miles an hour, and when it reached the top of the hill, a little more than 268 feet from the bridge, the driver "throttled down" the engine and ran "very slow" to the place where the accident occurred. The driver testified, in substance, that when about half way down the hill she attempted to turn the truck to the left out of the ruts, and got the front wheels out, but the rear wheels "caught * * * seemed to catch in the ruts," whereupon, she tried to turn the front wheels back into the ruts, and while so engaged the truck "just seemed to skid off, it skidded out" and went off the side of the bridge "into the brook." She testified further, that she was not conscious that they were going over at any time before they went over; that she at no time turned the left wheel of the truck out of the traveled part of the road, but "was on where other cars traveled"; that she did not apply the brake because the "truck was going so slow I didn't need it, and when it happened we went so quick I didn't have time."

On cross-examination she testified that she knew how to operate a car and apply the brakes; that she was familiar with the road and the location of the bridge, and knew that the bridge had no rail or other guard; that she knew the road was rutty and some slippery, and knew the danger of trying to get out of ruts under those circumstances; that the car would undoubtedly have stayed in the ruts if she had let it; that she did not apply the brakes, and had she done so soon enough she could have stopped the car before it left the bridge.

[9] Our attention is also called to certain parts of the defendant's evidence which tend to refute the plaintiff's claim as to how the accident happened, but since it is not the province of this Court to weigh evidence and balance inferences, in cases of this kind, the latter evidence is not germane to our inquiry.

[10, 11] It comes to this: Do the facts developed on the cross-examination of the driver show that in the circumstances she was negligent, as a matter of law, in attempting to turn out of the ruts, and also, in failing, later, to apply the brakes? The fact that she knew all about the situation and appreciated its dangers, did not as a matter of law, require her to keep the truck in the ruts, or apply the brake at any particular distance from the bridge. *Coates* v. *Town of Canaan,* 51 Vt. 131, 137. To adopt the language of the Court in *Maynard* v. *Town of Westfield,* 87 Vt. 532, 90 Atl. 504: "The situation called for the

exercise of caution and judgment, presented just the kind of questions for the determination of a jury.'' The test is, what would a careful and prudent person have done in like circumstances, acting on his judgment then, not on a judgment based on subsequent reflection. We think the evidence bearing on the question of whether the danger that confronted the driver was of such a character that a prudent person would not have encountered it, and whether in what the driver did she exercised the care and prudence of a prudent person was such as to justify opposing inferences and that these questions were, therefore, for the jury. See cases last above cited.

[12]    So, too, the questions whether a railing would have averted the accident, and whether the defendant was short in the performance of its legal duty in failing to provide a railing, were for the jury.

[13, 14]    After verdict and before judgment, defendant filed a motion to set aside the verdict on the grounds, here relied upon, that it was unsupported by evidence, contrary to the instructions of the court, and excessive in amount. The motion, after hearing, was overruled and the defendant had an exception. This motion was addressed to the legal discretion of the court, and the disposition of it is not reviewable, unless it appears that in its exercise that discretion was abused. *Dyer* v. *Lalor*, 94 Vt. 103, 114, 109 Atl. 30. And it does not so appear in this case. As to the last ground of the motion, which alone requires special attention, in view of what we have already said, the undisputed evidence showed that the plaintiff received not only severe cuts and bruises on other parts of the body but a lacerated wound on the calf of the left leg 10 or 11 inches long that completely tore the large muscle on the back of the leg from the bone and tore it completely in two. The attending physician testified that the extent of this injury was such that in his opinion it would be possible ''that the leg wouldn't grow symmetrical with the other one. He might have atrophied muscles there and a slight impairment of the leg in years to come.'' Nor was this denied by the physician called as a witness by the defendant. He testified that the plaintiff received severe injuries, and that he had an ugly looking scar on the leg ''that certainly would stay with him.'' And as to the permanency of the latter injury he testified, ''Why, of course it is difficult to state as early as this'' (three months after the accident) ''if there is permanent

disability. There is no apparent permanent disability at this time. That is, he has all motions as far as I could make out. How lasting that might be is another question, and of course it would be impossible for me to answer.'' With the evidence standing in this posture, submitted under instructions which were not excepted to, the court acted well within its discretionary power in denying the motion.

[15]   Subsequent to the overruling of the latter motion, the defendant filed a motion asking the court to reduce the amount of damages awarded on the grounds that it was excessive, not sustained by the evidence, and contrary to the instructions of the court. This motion was overruled and the defendant excepted. The only error urged under this exception is that the court did not exercise its judgment and discretion in disposing of the motion. It is by no means clear that this question was raised below, but assuming that it was it is without merit. The contrary not appearing, it will be assumed that the court exercised its discretion. The defendant's claim is based solely on the statement in the record that ''The court held that the question involved in said motion had already been disposed of in overruling the motion previously filed by the defendant asking the court to set aside the verdict.'' This does not support the defendant's contention. That the court exercised its discretion in disposing of the previous motion is not questioned. Under that motion it had authority to do what this motion asks for if, in its judgment, the ends of justice required it, *Smith* v. *Martin et al.*, 93 Vt. 111, 125, 106 Atl. 666, and its failure to do so justifies the inference that it did not consider that the verdict should be disturbed. We think that the statement relied upon means no more than that having denied the previous motion, in the exercise of its discretion, it likewise disposed of this motion.

[16]   The defendant excepted to the refusal of the court to charge the jury as follows, ''A traveler whether afoot or a passenger in a public or private conveyance, regardless of age or condition of life, assumes relative to the liability of a town, the risk incident to travel that may result wholly or in part from the careless, negligent or wrongful act of third persons.'' The subject-matter of this request was fully covered by the charge, which was not excepted to. It is not claimed that the negligence of a third person other than the driver was responsi-

ble, in whole or in part, for the accident; and as to the effect of her negligence the court instructed the jury, as we have seen, that, "If you find that a combination of the concurrent negligence of the driver of the truck, provided you find that she was negligent, and the insufficiency of the bridge together constituted the efficient and proximate cause of the plaintiff's injuries, then * * * your verdict will be for the defendant"; and, also, that the insufficiency of the bridge "must have been the direct and immediate and sole operative cause of the accident." Even upon the theory on which the case was tried, this was all the defendant was entitled to.

[17]    The defendant excepted to the charge on the subject of plaintiff's contributory negligence on the ground that his negligence was not "as a matter of law" in the case, and that treating it as in the case tended to confuse the mind of the jury on the real question involved. The question of a plaintiff's negligence is always involved in this class of cases, unless clearly waived by the defendant. The defendant says in its brief that it made no effort to charge plaintiff with contributory negligence, but, even so, if it remained passive on this question the plaintiff had the burden of showing freedom from such negligence, and a charge covering that element was necessary. But it can hardly be said that the defendant remained passive. After it had objected to this portion of the charge for the reason above stated, its counsel was asked if he conceded that plaintiff's negligence did not contribute to the injury, to which he replied, "I don't make any concessions of any kind." In these circumstances, the defendant is not in a position to complain of the charge, since it is admitted that the court correctly stated the law on this subject.

[18]    The defendant's evidence tended to show that the truck turned to the left about halfway up the hill and went straight "diagonally from the center of the road toward the culvert"; that most of the way the left wheels were entirely outside the traveled part of the highway, in the grass. One witness testified concerning the tracks of the truck, "I should say that they must have been nearly out of the traveled part of the highway at the lower end, near the culvert." Another testified, "The right hand wheel was nearly over to the left hand side." And still another, "The left one (track) went off the wing about 3 or 4 feet from the corner of the culvert * * * the

right one hit the log * * * that is, the track showed that it went on the east side of the log.'' And another testified that he found ''the log was broke and shoved endways about 4 feet * * * toward Fletcher Center.'' With defendant's evidence standing thus, plaintiff, subject to defendant's objection that the evidence was not proper rebuttal, was permitted to show by his surveyor, F. H. Dewart, from measurements made by him during the trial that the wing, which one of defendant's witnesses testified the truck went off was 4 feet lower than the crown of the highway; that the highway opposite the wing was flat and continued so for a little more than a foot west of the traveled track, and then dropped suddenly to the bed of the side log; that 10 to 12 feet south of the bridge the ground ''drops down abruptly'' about 2½ feet, with a less drop farther to the south; that at the time the witness visited the *locus* on July 11, 1923, the west log had not been shoved ''endways'' as testified to by defendant's witness, but did show indications of having been hit on the east side. We think this evidence was clearly admissible. It manifestly ·tended to show the improbability, to say nothing of the impossibility, of the truck reaching the bridge without tipping over if it followed the course indicated by defendant's evidence; and we have discovered nothing, nor has anything been called to our attention, to indicate that this subject was opened up by the plaintiff in chief. While the order of evidence is largely discretionary with the trial court, the record seems to indicate that this evidence was admitted because strictly rebuttal in character, and we think properly so.

*Judgment affirmed.*